The opinion of the court was delivered by
Tilghman, C. J.
It is contended on the part of the defendant, that under the circumstances in the case stated, the lien of the plaintiff is extinguished. If it is so, it an extinguishment by implication, for it is not pretended that there was any express waiver or release of the lien. There is no inconsistency in the plaintiff’s accepting the guarantee of Smith, and retaining his lien. If Smith satisfied the whóle demand of the- plaintiff, there would be an end of the lien; but, if he did not, the lien ought to be resorted to. Indeed, it was for the interest of Smith, that the lien should remain in force, because the plaintiff might have had recourse to it in the first instance, and perhaps the knowledge of this might have been an inducement to Smith to enter into the guarantee. It is very common to have two securities for the same debt; a mortgage, for instance, and a bond; and the creditor may take his remedy on both, until he obtains satisfaction. ' So, if the owner of a rent charge in fee, with a right of re-entry, in case the rent be in ar-rear, takes a bond for the arrearages, his right of re-entry remains unimpaired. The counsel for the defendant relied on the case of Kauffelt v. Bower, 7 Serg. & Rawle, 84, in which it was decided by this court, that if the vendor of land takes a bond for the purchase money, the land is discharged. But that case is,very different from the present, because any lien which the vendor may have is altogether of an equitable nature, and will not be enforced where, from the circumstances of the case, there is probable ground for supposing, that it was not .the intent of the parties that the purchase money should be a charge on the land. But here the lien is strictly, legal, and expressly given by the act of assembly, (March 17, 1806, 4 Sm. L. 300,) so that, we ought not. to consider *34 any act except a plain one, as a waiver or release. The plaintiff asks no more than payment of a debt which is not disputed. When he accepted the guarantee of ¡Smith, he did not say that he relinquished his lien, and I am of opinion that the law did not extinguish it by implication. But the defendant has another ground of defence, viz. that this case is not within the act of assembly, because payment for the bricks was to be made, part in money and part in lumber. I do not see why this circumstance should deprive the plaintiff of the benefit of the act. The amount of his claim was ascertained, and whether to be paid in money or money’s worth was immaterial. If the lumber had been refused, on demand made, and the plaintiff had brought an action for damages, the jury would have been bound to give damages to the amount of his account. That was the standard from which they could not justly depart; so that when the plaintiff filed his claim, as required by the act of.assembly, its amount, in money, was certain. Let us consider the expressions of this act, and see whether there be any thing which should exclude a debt of this kind. “Every dwelling-house or other building hereafter constructed and ereeted within the city and county of Philadelphia, shall be subject to the payment of the debts contracted for, or by reason of any work done, or materials found and provided by any brick-maker, bricklayer,” &c. Now, here was a debt contracted for bricks provided by a brick-maker for .the building of this house. The case falls within the very words of the act; and surely it is not out of its spirit. If the plaintiff’s claim had been for unliquidated damages of an uncertain nature, there might have been difficulty, because of its uncertainty. But in this case there was no uncertainty, because the amount of the account was the standard of damages. In an action of assumpsit for goods sold and delivered, the plaintiff demands damages, which are to be assessed by the jury. Yet we call it a debt; and if the plaintiff proves the contract, no jury would depart from the price which the defendant had agreed to pay, unless there was something unfair in the transaction. So, a rent reserved payable in wheat may be distrained for; or an action may be brought for it, in which the plaintiff will recover the value of the wheat at the time it ought to have been delivered. In the case before us, the plaintiff was to receive payment of his account in lumber at a fair price; so that if the lumber was not delivered, the amount of the account, in money, would be recoverable. It appears to me, therefore, that the'plaintiff’s claim was a debt within the meaning of the act of assembly, for which he had a lien on the house of the'defendant. . ■ .
I am of opinion that the judgment of the District Court should be reversed, and judgment entered for the plaintiff in error.
Judgment reversed, and judgment entered for plaintiff.