38820. J. M. WELLS SUPPLY COMPANY v. SHIELS.

Decided June 1, 1961—Rehearing denied June 12, 1961.

*Copland & Copland, Dan Copland, Thomas E. Sikes,* for plaintiff in error.

*J. Gordon Young, J. M. Flournoy,* contra.

FELTON, Chief Judge. The mere allegation that the owner "employed" the contractor to make improvements on the owner's property does not meet the requirement of the law for the reason that such an allegation does not necessarily mean that the contract contemplated that the contractor was to supply the materials for the improvement. Such an allegation could mean that the contractor was to furnish only labor and skill. *Lumber Fabricators, Inc. v. Gregory,* 213 Ga. 356 (99 S. E. 2d 145), while it is an equity case, is an unequivocal ruling that the allegation going no further than alleging employment is insufficient as against a general demurrer. Since the contract under which the contractor is to *furnish* materials is the principal basis upon which a materialman's lien on the owner's property is based, the failure to allege such a contract in a lien foreclosure against the owner is fatal. Whether or not a foreclosure action would be bad as against a general demurrer for a mere failure to allege that the amount sought to be established is within the contract in whole or in part is not decided. Here, both deficiencies appear. Failure to allege that no personal security was taken by or to secure the debt was not a defect subject to demurrer. It has been held that while it may be that mechanics who have taken personal security thereby waive their right to a lien (under *Code* § 67-2001), materialmen have a lien as well when they take personal security as when they do not. *Ford v. Wilson & Co.,* 85 Ga. 109 (3), 115 (11 S. E. 559). Contractors, materialmen, machinists and manufacturers of machinery do not by the taking of personal security waive the lien given them under *Code* § 94-1104. *Chicago Bldg. &c. Co. v. Talbotton Creamery &c. Co.,* 106 Ga. 84 (3) (31 S. E. 809). Since the one ground of general demurrer was properly sustained,

a contrary ruling on the other two grounds would not save the petition.

The trial court did not err in sustaining the owner's general demurrer to the materialman's petition to foreclose its lien.

*Judgment affirmed. Bell, and Hall, JJ., concur.*