Duane **WALLIS**, Plaintiff,

v.

**SOUTHERN SILO COMPANY, INC.,** and **Demuth Steel Products Company,** **Defendants.**

**No. EC 73-69-S.**

United States District Court, N. D. Mississippi, E. D.

Dec. 14, 1973.

Fred M. Bush, Jr., Mitchell, McNutt & Bush, Tupelo, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action was initially instituted in the Circuit Court of Prentiss County, Mississippi on July 11, 1973 when plaintiff, a citizen of Mississippi, filed his declaration against defendants, Demuth Steel Products Company (Demuth), a corporate citizen of the State of Illinois, and Southern Silo Company, Inc. (Southern), a corporate citizen of the State of Alabama. Neither of said defendants is a corporate citizen of the State of Mississippi.

Plaintiff, by his original pleading, seeks to recover damages from both defendants, for losses said to have been suffered by him as the result of the collapse of a silo on plaintiff's farm in Prentiss County, Mississippi. The silo had been constructed by Southern for plaintiff. Plaintiff alleged that Southern used defective metal bands manufactured by Demuth in the construction of the Silo.

Process was served July 12, 1973 on both defendants by service upon the Secretary of the State of Mississippi as the process agent of each defendant pursuant to Mississippi's long arm statute.[1]

Within the time permitted by the federal removal statute, 28 U.S.C.A. § 1446(b), on August 8, 1973, Demuth filed its petition for removal, bond, etc., all as required by law. The file and pleadings in the action show that the action sub judice is one which may properly be removed from the state to the federal court. The matter in controversy is one of a civil nature. It exceeds the sum or value of $10,000, exclusive of interest and costs, and is between citizens of different states.

Southern did not join Demuth in the petition to remove, nor has it filed its own petition for that purpose. De-

Riddick & McCoy, Jackson, Miss., William W. Smith, Cunningham & Cunningham, Booneville, Miss., for plaintiff.

---

1. Miss. Code Ann. § 13–3–57 (1972). The validity of the service on defendants is not now at issue before the court.

muth did not set forth in its petition for removal any reason for the failure of Southern to join therein. Thus, the petition was insufficient, on its face, to perfect the removal, as "[t]he law is clear that under U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition". Tri-Cities Newspapers, Inc. v. Tri-Cities P. P. & A. Local 349, 427 F.2d 325 at 326–327 (5th Cir. 1970).

Demuth filed its answer in this court on August 13, 1973. The plaintiff filed a motion to remand the action to the state court on August 28, 1973. The motion is premised on the fact that Southern did not join in the petition to remove, and, that Demuth did not give any reason in the petition why Southern did not join with Demuth in removing the case from the state to the federal court.

Demuth, on or about September 13, 1973, filed with the clerk a motion for leave to amend its petition for removal, so as to set forth, for the first time, the reason for Southern's failure to join Demuth in the removal of the case. The proffered amendment follows:

Defendant, Southern Silo Company, Inc., is bankrupt, having been finally so adjudicated in a bankruptcy proceeding in the United States District Court for the Northern District of Alabama. That said adjudication occurred long prior to the commencement of this action. That said Defendant has insufficient assets to pay the claims of common creditors and no insurance coverage to provide a defense in this suit or to pay any judgment that may be rendered against it. The trustee in bankruptcy, on advice of counsel and with the consent of the referee, intends to file no answer or other pleadings in this cause but to permit a default to be taken and a default judgment to be entered against this Defendant, which default judgment will be useless. That this Defendant, therefore, is the only real party defendant in this cause.

The motion is accompanied by an affidavit of counsel for Demuth, setting forth the circumstances surrounding the matter. The facts revealed by the affidavit are that, in an investigation in the State of Alabama, the state of incorporation for Southern, it was determined that Southern had been adjudicated a bankrupt in the Alabama Federal Court long before the action sub judice had been commenced; that a trustee in bankruptcy had been appointed for the corporate estate and is now acting in that capacity; that leave for plaintiff to sue the trustee in the action sub judice had not been obtained from the court in which the bankruptcy proceedings were being conducted; that, while he has not been served with summons in the action sub judice, the trustee received the summons served on the Secretary of State; that the trustee had reached the conclusion that he should not respond to process for the reason that the assets of the estate will not be sufficient to pay Southern's creditors in full, it being doubtful that there will be any funds for distribution to general creditors; and that Southern did not carry liability insurance of any nature to which plaintiff might look for the payment of the judgment, if any, which plaintiff might obtain against Southern in the action sub judice. The affidavit stated further that Southern's trustee had decided that he would not enter an appearance in the action sub judice, and would suffer a default judgment to be entered against Southern.

The action is now before the court on both the motion to remand and the motion to amend.

Plaintiff's position is that since Demuth did not give any reason in its original petition to remove for failure of Southern to join, the amendment does nothing more than supply missing allegations essential to the validity of the petition, and cannot be considered as acting to perfect a defective allegation of jurisdiction, as was the case in Firemen's Insurance Co. of Newark, N. J. v. Robbins Coal Co., 288 F.2d 349 (5th Cir. 1961) cited by Demuth to support its position. There is good authority to sup-

port this contention, See, Garza v. Midland National Insurance Company, 256 F.Supp. 12 (S.D.Fla.1966); Heckleman v. Yellow Cab Transit Co., 45 F.Supp. 984 (E.D.Ill.1942).

Section 1653, Title 28, U.S.C.A. provides "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts".

Professor Moore, in his treatise on federal practice, 1A, Moore's Federal Practice, § 0.157 [10.–2], in discussing Section 1653 comments:

> Supplementing provisions of the Federal Rules applicable to amendments, 28 USC § 1653 states that "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This applies to a removed action. But relative to amendment of the removal petition it has been applied strictly; and it has been said that § 1653 and its predecessor "have never been construed to allow amendments setting up new grounds for removal or to supply a lack of jurisdiction where jurisdiction previously did not exist." There is, however, commendable authority for a realistic and a more fair application of § 1653.

Professor Moore cites, to support the statement that there is commendable authority for a realistic and a more fair application of Section 1653, the case of Firemen's Insurance Co. v. Robbins Coal Co., *supra*.

In *Fireman's Ins. Co.* the Fifth Circuit, at the appellate level, permitted the removing party, to cure an omission in the petition for removal, by an amendment, to show that the principal place of business of plaintiff was in Alabama and the defendant's principal place of business was in New Jersey. The original petition alleged that plaintiff was a citizen of Oklahoma, but failed to add that plaintiff's principal place of business was in Alabama. The same omission was made with reference to defendant which was a citizen of New Jersey. The court referred to the amendment as

curing *omissions* in the removal petition. In the case sub judice, Demuth, the removing defendant, failed or omitted to state in the petition the reason for the nonjoinder of Southern.

The court follows the reasoning of the Fifth Circuit in *Firemen's Ins. Co.*, and finds that the motion to amend the removal petition ought to be sustained. In adopting the reasoning of *Firemen's Ins. Co.*, the court is not unmindful of the liberality which should be practiced by the court in allowing pleadings to be amended, so as to present the true facts which are involved in any type of litigation. The court should not follow a rule of strict application in matters of the kind presented by the pleadings in this action.

After a consideration of the original memoranda of counsel, the court requested memoranda from the parties as to the right of Demuth to remove the action from the state to the federal court without regard to Southern. The action against Southern is based upon the allegations that Southern failed to exercise reasonable care to construct the silo in a reasonably safe or workmanlike manner; that Southern failed to securely and properly tighten the steel bands which encircled the concrete staves out of which the silo was constructed; that the steel bands used by Southern and furnished by Demuth were defective and unsuitable for the intended use, and that Southern failed to properly install the lining on the interior of the silo.

The action against Demuth is based upon the products liability theory that the steel bands were defective and incapable of withstanding the pressure which would be applied to them once the silage was placed in the silo.

On the court's initial study of the complaint there appeared to be a separate and independent claim or cause of action stated therein against each defendant, which would be removable if sued upon alone. The court, therefore, requested memoranda from counsel on

the question of the removability by Demuth separate and apart from any action on the part of Southern.

■ The court has considered 28 U.S.C.A. § 1441(c) [2] and concludes that the action sub judice is not subject to the statute. The statute is applicable only where there has been joined in the complaint separate and independent claims and causes of action, one of which would be removable if sued upon alone, and the other or others are otherwise non-removable. Such is not the case in the action sub judice. Assuming, arguendo, that the claim or cause of action asserted against Demuth is separate and independent of the claim or cause of action asserted against Southern, both claims or causes of action were subject to removal. Therefore, Section 1441(c) is not applicable here.

Demuth asserts, however, that the undisputed facts conclusively show that Southern, being bankrupt and unable to respond in damages, is not a real party in interest, and, for this reason, Southern is not required to join in the removal of the action.

This question has given the court serious concern. The court concludes from a realistic point of view under the facts peculiar to this action that Demuth's position is well taken.

The Fifth Circuit, speaking through Judge Morgan, in *Tri-Cities Newspapers, Inc., supra,* said:

> The law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition. (Citations omitted). However, nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal. 427 F.2d 326–327.

Judge Morgan cited, with approval, a district court case, Stonybrook Tenants

Association, Inc. v. Alpert, 194 F.Supp. 552 (D.Conn.1961). In *Stonybrook,* Judge Timbers stated the question presented as:

> The question presented by the motion to remand is whether two inactive Connecticut corporations named as defendants—both of which have been liquidated, have neither assets nor liabilities and are in the process of dissolution—are necessary or indispensable parties defendant so as to destroy requisite diversity of citizenship. 194 F.Supp. 553.

In disposing of the issue, and denying the motion to remand, Judge Timbers said:

> Moreover, nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal (Citations omitted).

> For the purposes of determining whether requisite diversity of citizenship exists, the courts look to the citizenship of the real parties in interest and disregard the citizenship of nominal or formal parties having no real interest in the controversy.

> .    .    .    .    .    .

> Determination of whether a party is necessary or indispensable for jurisdictional purposes is to be made "on practical considerations". 194 F. Supp. 556–557.

While Southern does not fit into the same factual picture as the corporations which were involved in *Stonybrook,* the court concludes that *Stonybrook* supports Demuth's position here.

■ Southern had been adjudged a bankrupt and its assets were under the control of the bankrupt court, when the action sub judice was commenced, and process served pursuant to Mississippi's long-arm statute. From a realistic standpoint Southern, as a bankrupt cor-

---

2. 28 U.S.C.A. § 1441(c) provides:
   Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

poration, has no real interest in the outcome of this action. The only party in interest, from the standpoint of the defense, is Demuth.

Demuth's motion to amend will be sustained and plaintiff's motion to remand will be overruled.