Samuel **REIKEN**, Michelle **Reiken**, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**NATIONWIDE LEISURE CORPORATION**, Joel Nadel d/b/a Nationwide Leisure Company, Pan American World Airways, Inc., Overseas National Airways, Inc., Trust Houses Forte Hotels, Ltd., Kensington Close Ltd., Trust Houses Forte, Inc., and Fidelity and Deposit Company of Maryland, Inc., Defendants.

No. 78 Civ. 1905 (MP).

United States District Court, S. D. New York.

Oct. 13, 1978.

---

Thomas A. Dickerson, New York City, for plaintiffs.

Joseph J. Marcheso, New York City, by Philip M. Kazin, New York City, for defendants Nationwide Leisure Corp. and Joel Nadel d/b/a Nationwide Leisure Co.

Hart & Hume, New York City, by John E. Fogarty, New York City, for defendant Fidelity and Deposit Co. of Maryland, Inc.

Breed, Abbott & Morgan, New York City, for defendant Overseas National Airways, Inc.

Kagan & Lubic, New York City, for defendant Trust Houses Forte, Ltd.

## OPINION

POLLACK, District Judge.

Two defendants have moved pursuant to 28 U.S.C. § 1447(c) to remand this action to state court on the ground that it was improvidently removed to this Court on the petition of another defendant. In the alternative, the moving defendants seek an order requiring plaintiffs to give security of $2,000 for their costs. For the reasons set forth below, the motion to remand must be granted. In view of this disposition, the motion to require security need not be considered.

This case is a purported class action brought on behalf of certain "OTC" charter tour passengers against the tour operator (Nationwide Leisure Corporation and Joel Nadel d/b/a Nationwide Leisure Company), the airline (Overseas National Airways, Inc.), three hotel companies (Trust Houses Forte, Inc.; Trust Houses Forte Hotels, Ltd.; and Kensington Close Ltd.), and the surety (Fidelity and Deposit Company, Inc.). The plaintiffs' claims arise from the allegedly inadequate transportation and accommodation provided for a series of London tours by the operator, the airline, and the hotels. The named plaintiffs are New Jersey residents and purport to represent a class consisting of as many as 10,000 persons who participated in the Nationwide Leisure tours to London.

Three causes of action are asserted against the operator, the airline and the hotels. The first alleges that those defendants conspired to make knowing and malicious misrepresentations in advertising the services to be offered in the charter tours. Plaintiffs are said to have relied upon these misrepresentations and to have sustained $2,000,000 in damages. In addition, punitive damages of $5,000,000 are sought on this count.

The second cause of action alleges a breach of contract by the failure of defendants to provide the promised facilities and services to members of the plaintiff class. Damages of $1,000,000 are claimed.

The third cause of action is based upon the alleged fraudulent misrepresentations of the defendants, and demands recision of the charter tour contracts and the return of money received from members of the plaintiff class.

The fourth cause of action is asserted against the surety alone. Fidelity is alleged to have issued a surety bond to guaranty Nationwide's performance of its contracts with the plaintiffs. The bond was executed pursuant to regulations of the Civil Aeronautics Board governing "OTC" charter tours. 14 C.F.R. § 378a.31 (1977). Damages of $1,000,000 are sought against Fidelity for its failure to satisfy plaintiffs' claims arising from Nationwide's alleged breach of contract.

This action was commenced in New York Supreme Court, New York County, and was removed to this Court by defendant Fidelity pursuant to 28 U.S.C. § 1441(a) and (b). Co-defendants Nationwide and Nadel have moved to remand the action to state court.

Fidelity contends that the action was properly removed because an action on a bond issued pursuant to federal law is within the original jurisdiction of the federal courts.[1] It further contends that the state law claims against the remaining defendants are within the pendent jurisdiction of this Court, because the state and federal claims derive from a common nucleus of operative fact. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■■■ It is well settled that pendent jurisdiction applies to the removal of cases under § 1441(a) and (b). *E. g., Hazel Bishop, Inc. v. Perfemme, Inc.*, 314 F.2d 399 (2d Cir. 1963); *Iodice v. Calabrese*, 291 F.Supp. 592 (S.D.N.Y.1968); 14 C. Wright, A. Miller & E. Cooper, *Fed.Prac. & Proc.* § 3722, at 572–73 (1976); 1A J. Moore, *Fed.Prac.* ¶¶ 0.160, at 194, 0.163[4.–5], at 270 (2d ed. 1974). Assuming without deciding that the doctrine extends to confer jurisdiction over defendants joined only on the state law claims,[2] this case nevertheless must be remanded for failure to meet the longstanding requirement that all defendants join in the petition for removal. *Bradford v. Harding*, 284 F.2d 307 (2d Cir. 1960); *Com. of Interns & Residents v. N. Y. State Labor Relations Bd.*, 420 F.Supp. 826 (S.D.N.Y. 1976); 14 C. Wright, A. Miller & E. Cooper, *Fed.Prac. & Proc.* § 3731, at 718 (1976); 1A J. Moore, *Fed.Prac.* ¶ 0.168[3.–2] (2d ed. 1974). In the instant case, defendants Nationwide and Nadel have not merely failed to join in the removal petition; they have moved to remand.

■■■ The Supreme Court has applied the rule in an early case strikingly similar to the instant case. In *Chicago, R. I. & P. Ry.*

---

1. 28 U.S.C. § 1352 provides:

   The district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States.

2. *See Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), in which the Supreme Court decided that pendent jurisdiction did not extend to confer jurisdiction over state law claims against a county when joined with claims under 42 U.S.C. § 1983 against officials

of the county. The Court noted that Congress had expressly declined to include counties within the scope of § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3), but emphasized that it decided the pendent party issue only with respect to claims brought under those two statutes. "Other statutory grants and other alignments of parties and claims might call for a different result." 427 U.S. at 18, 96 S.Ct. at 2422.

*v. Martin,* 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900), the Court held that the state court properly declined to permit removal on the application of certain defendants as to whom the case arose under federal law, where their co-defendant, as to whom no federal question existed, had not joined in the application. The Court there construed the same "defendant or defendants" phrase used in the current statute, 28 U.S.C. §§ 1441(a), 1446(a), and held it to be "well settled that a removal could not be effected unless all the parties on the same side of the controversy united in the petition." 178 U.S. at 248, 20 S.Ct. at 855.

■ There are exceptions to the general rule requiring a consensus among defendants, but they have no application to this case. Where a separate and independent claim is removed under § 1441(c), only the defendants named as to that claim need join a removal petition. *Maybruck v. Haim,* 290 F.Supp. 721 (S.D.N.Y.1968); *Port of N. Y. Authority v. Eastern Air Lines, Inc.,* 259 F.Supp. 142 (E.D.N.Y.1966). All defendants herein agree that the claim against Fidelity is not a separate and independent claim removable under § 1441(c). *See Winters v. Hale,* 296 F.Supp. 125 (S.D.Ala.1968); *Schwartz v. Employers Mut. Liability Insurance Co. of Wisconsin,* 170 F.Supp. 194 (S.D.N.Y.1959); *Doran v. Elgin Co-op Credit Ass'n,* 95 F.Supp. 455 (D.Neb.1951). Nor are the other defendants mere nominal or formal parties whose non-participation in the petition may be excused. *Bradley v. Maryland Casualty Co.,* 382 F.2d 415 (8th Cir. 1967); *Stonybrook Tenants Ass'n, Inc. v. Alpert,* 194 F.Supp. 552 (D.Conn.1961).

Accordingly, because all defendants are not united in the petition for removal, this action was improvidently removed and this Court hereby remands it to the New York Supreme Court, New York County.

SO ORDERED.