**REMBRANT, INC., Plaintiff,**

v.

**PHILLIPS CONSTRUCTION CO., INC. and The American Insurance Co., First Defendants,**

**and**

**Donald D. Golden, Second Defendant.**

**Civ. A. No. 180–118.**

United States District Court, S. D. Georgia, Augusta Division.

Nov. 5, 1980.

---

Richard A. Slaby, Augusta, Ga., for plaintiff.

Glower Jones, Smith, Currie & Hancock, Atlanta, Ga., for first defendants.

William A. Trotter, III, Augusta, Ga., for second defendant.

## ORDER

BOWEN, District Judge.

First defendant, Phillips Construction Company, Inc. [Phillips], entered into a general construction contract with second defendant Donald D. Golden [Golden] to construct certain buildings and other improvements on property owned by Golden. American Insurance Company [American], as surety for Phillips, executed a performance and payment bond naming Golden as obligee. Plaintiff, Rembrant, Inc. [Rembrant], a subcontractor for Phillips, brought this action in Superior Court of Richmond County, Georgia, claiming $21,552.13 as an amount due under its contract. Rembrant seeks a general judgment against Phillips and American and a special lien against the property of Golden. Thereafter, Phillips and American petitioned this Court for removal pursuant to 28 U.S.C. § 1446. Presently before the Court are motions to remand by Golden and Rembrant, and a motion by Phillips and American to stay proceedings for arbitration and consolidation of arbitration.

Before considering first defendants' motion for arbitration and consolidation, the Court must resolve the subject matter jurisdiction issue raised by the motions for remand. The petition for removal of this action was not joined in by second defendant Golden. Rembrant and Golden argue that the petition is consequently invalid and that remand to state court is required. Phillips and American counter that the case is properly before the Court under the provisions of 28 U.S.C. § 1441(c), or, alternatively, that Golden is an improper party defendant and as such need not join in the removal petition.

■ Ordinarily to effect removal, all properly joined defendants must join in the removal petition. See Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants' Local 349, 427 F.2d 325, 326 (5th Cir. 1970); Reiken v. Nationwide Leisure Corporation, 458 F.Supp. 179, 182 (S.D.N.Y. 1978); Pettit v. Arkansas Louisiana Gas Co., 377 F.Supp. 108, 109 (E.D.Okl.1974). See generally 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3731 (1976). One exception to this general rule is that "when a separate and independent claim that is removable under Section 1441(c) is joined with other nonremovable claims, only the defendants to the separate and independent claim need seek removal." C. Wright, A. Miller & E. Cooper, supra, at 719. First defendants argue that plaintiff's claim against them is separate and independent from the claim against Golden within the meaning of section 1441(c), thereby allowing removal of the action without the concurrence of Golden.

■ In considering the merits of this argument, the Court is mindful of certain fundamental tenets concerning removal. On a motion for remand, the burden of showing subject matter jurisdiction rests with the party seeking removal. C. Wright, A. Miller & E. Cooper, supra § 3739, at 754. The right of removal is purely statutory, see Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 280, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918), and, as a congressionally imposed infringement on a state's power to determine controversies in their courts, removal statutes must be strictly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Thus, "[i]n a case where the basis for jurisdiction is doubtful, the Court should resolve such doubt in favor of remand." McCurtain County Production Corp. v. Cowett, 482 F.Supp. 809, 812 (E.D. Okl.1978).

Section 1441(c) [1] provides:

1. The legislative intent of § 1441(c), as judicially discerned, is well established. See generally C. Wright, A. Miller & E. Cooper, supra § 3724. Briefly, § 1441(c) replaced the previous standard for removability, "separable controversy,"

as codified in former § 71 of Title 28, with the more exacting standard, "separate and independent claim or cause of action." As interpreted by the Supreme Court, this statutory change was intended to restrict removal from

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non–removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

By its terms, then, section 1441(c) may be invoked only when the following elements are present: (1) separate and independent claims are joined in one action, (2) one of the claims would be removable if sued upon alone either on the basis of federal question or diversity jurisdiction, and (3) at least one of the claims is of a nonremovable character. *See* 1A *Moore's Federal Practice* ¶ 0.163[4.–5], at 262–63 (2d ed. 1979). Of concern in the present case is the third factor.

■ For purposes of diversity, Rembrant, as a Georgia corporation with its principal place of business in Georgia is a Georgia citizen, Phillips, as a Kansas corporation with its principal place of business in Kansas, is a Kansas citizen, American, as a New Jersey corporation with its principal place of business in New Jersey, is a New Jersey citizen, and Golden is a Kansas citizen. Thus, complete diversity exists. It is apparent, therefore, that either the claim against Phillips and American or the claim against Golden would be removable if sued upon alone. Even assuming the two claims are separate and independent, the issue raised is whether removal on a petition not joined in by all defendants is sanctioned under section 1441(c) when neither claim is of a nonremovable character and plaintiff has asserted no other nonremovable claim.

This inquiry must be answered negatively. As Judge Smith stated: "The statute [1441(c)] is applicable only where there has been joined in the complaint separate and independent claims and causes of action, one of which would be removable if sued

upon alone, and the other or others are otherwise non–removable." *Wallis v. Southern Silo Company, Inc.*, 369 F.Supp. 92, 96 (N.D.Miss.1973); *accord P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.*, 395 F.2d 546 (7th Cir. 1968); *Van Slambrouck v. Employers Mutual Liability Ins. Co.*, 354 F.Supp. 366 (E.D.Mich. 1973); *Nowell v. Nowell*, 272 F.Supp. 298 (D.Conn.1967); *Universal Surety Co. v. Manhattan Fire & Marine Ins. Co.*, 157 F.Supp. 606 (D.S.D.1958). *See also Port of New York Authority v. Eastern Airlines, Inc.*, 259 F.Supp. 142 (E.D.N.Y.1966) (action involving one nonremovable claim and two separate and independent claims held removable on petition by defendant to one of the separate and independent claims even though defendant to the other separate and independent claim did not join in the petition).

In this case, plaintiff has not joined a nonremovable claim. Thus, the provisions of section 1441(c) do not apply, and, unless second defendant Golden is a nominal or formal party or a party improperly joined, his concurrence in the removal petition is required to effect removal.

■ Under Georgia law:
All mechanics of every sort, who have taken no personal security therefor, shall, for work done and material furnished in building, repairing, or improving any real estate of their employers; all contractors, and all subcontractors and all materialmen furnishing material to subcontractors and all laborers furnishing labor for subcontractors, materialmen, and persons furnishing material for the improvement of real estate ... shall each have a special lien on such real estate.

Ga.Code Ann. § 67–2001 (Cum.Supp.1979). Phillips and American argue that, by taking "personal security" in the form of a performance and payment bond executed by American as surety, Rembrant forfeited its right to claim a lien on the property of Golden, and, therefore, Golden is not a proper party to this action.

local forums. "The Congress, in the revision, carried out its purpose to abridge the right of removal." *American Fire & Casualty Co. v.*

*Finn*, 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951).

Georgia courts, construing the first clause of section 67–2001, have concluded:

It has been held that while it may be that mechanics who have taken personal security thereby waive their right to a lien (under Code § 67–2001), materialmen have a lien as well when they take personal security as when they do not. *Contractors, materialmen, machinists and manufacturers of machinery do not by the taking of personal security waive the lien given them under* [the statute].

*J. M. Wells Supply Co. v. Shiels,* 103 Ga. App. 822, 823, 121 S.E.2d 36 (1961) (citation omitted) (emphasis added); *accord Chicago Building and Manufacturing Co. v. Talbotton Creamery and Manufacturing Co.,* 106 Ga. 84, 31 S.E. 809 (1898); *Ford v. Wilson & Co.,* 85 Ga. 109, 11 S.E. 559 (1889); *Southwire Co. v. Metal Equipment Co.,* 129 Ga. App. 49, 198 S.E.2d 687 (1973); *Allen v. Arrow Contracting Co.,* 110 Ga.App. 369, 138 S.E.2d 600 (1964). In light of these authorities, the Court is not persuaded that Rembrant waived its right to a lien on Golden's property. Thus, Golden is not improperly joined in this action.

Accordingly, this action is hereby ordered remanded to Superior Court for Richmond County, Georgia.