Thomas Wayne JOHNSON, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
et al., Defendants.

Civ. A. No. 86–0169–X.

United States District Court,
S.D. Alabama, S.D.

April 28, 1986.

Walter B. Chandler, III, Gulf Shores, Ala., for plaintiff.

Michael Gillion, Brown, Hudgens, Richardson, P.C., Mobile, Ala., for Allstate.

Walter M. Cook, Jr., Joseph J. Minus, Jr., Lyons, Pipes & Cook, Mobile, Ala., for Vera Wimpling.

## ORDER

HAND, Chief Judge.

In this action the Court is faced with a unique situation involving the removal statutes, 28 U.S.C. § 1441–52. This case was filed in the Circuit Court of Baldwin County, Alabama, on January 17, 1986. On January 29, 1986, the plaintiff filed an amended complaint. On February 12, 1986, the defendant filed a removal petition in this Court reciting only the filing of the original complaint. The only defendant in the original complaint was Allstate Insurance Company, a citizen of the state of Illinois.[1] The plaintiff is a citizen of Ala-

1. A corporation is a citizen of any state in which it is incorporated, and of the state in which its principal place of business is located. 28 U.S.C. § 1332(c). Defendant Allstate Insurance Company is a citizen of Illinois by either definition.

bama. The amended complaint contains a claim against a defendant who is a citizen of Alabama, destroying diversity. Thus, in contrast to the usual situation in which a federal court must decide whether a non-removable case has become removable, the Court is presented with a removable case subsequently rendered non-removable. Defendant contends that the joinder of the resident defendant is improper, was accomplished merely to defeat removal, and that the case is removable under 28 U.S.C. § 1441(c), as a separate and independent claim.

■ Dealing first with the unique conversion of this case, the Court is of the opinion that the filing of the amended complaint in state court is not subject to review by this Court. The fact is that at the time the removal petition was filed, this case was not removable under 28 U.S.C. § 1441(b), because of the presence of a resident defendant. *See Kaplan v. Mo. Pac. R.R.*, 629 F.2d 337 (5th Cir.1980); *First Nat'l Bank in Little Rock v. Johnson & Johnson*, 455 F.Supp. 361 (E.D.Ark.1978). This Court cannot review whether, as a matter of state law, the amended complaint was properly filed. *Kaplan, supra.*

■ This Court can decide, however, whether the claim against Allstate is separate and independent from the claim against the resident defendant. Section 1441(c) of Title 28 states:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c). The leading case in the interpretation of this statute is still *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In that case the Supreme Court stated, "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540. The Court stated that the phrase "separate and independent" contemplated more than a test for severability. "The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." *Id.* at 12, 71 S.Ct. at 539.

In this case, the injury to plaintiff is damage to a building that he owns. The damage allegedly occurred when the resident defendant allowed her motor vehicle to hit the building. The plaintiff allegedly made demand upon Allstate for payment according to a policy of casualty insurance on the building to the plaintiff as insured. The claims against Allstate are for failure to pay under the policy and for the tort of bad faith refusal to pay.

According to Allstate, the plaintiff's complaint charges that two distinctly different wrongs were inflicted upon the plaintiff: a tort by the resident defendant, and a breach of contract and connected tort by Allstate. Allstate relies on *Knight v. First Pyramid Life Ins. Co. of Amer.*, 256 F.Supp. 32 (W.D.Okla.1966); *Twentieth Century-Fox Film Corp. v. Taylor*, 239 F.Supp. 913 (S.D.N.Y.1965) and *Moosbrugger v. McGraw-Edison Co.*, 215 F.Supp. 486 (D.Minn.1963). None of these cases is of assistance to Allstate.

■ Allstate's analysis of the complaint is in error. The correct analysis is not how many tortious or otherwise wrongful actions were committed by defendants, but whether the plaintiff has suffered more than one loss. In this case, the plaintiff has suffered only one loss: the damage to his building. While he has two possible sources of recovery, he will only be entitled to one recovery, regardless of the theory of recovery. In *Fair Oaks Trans. Co. v. Central Mftrs. Mut. Ins. Co.*, 127 F.Supp. 507 (S.D.N.Y.1954), the court dealt

with a case in which the plaintiff's tractor and trailer disappeared from a parking lot. The plaintiff sued both the bailee, the parking lot operator, and the plaintiff's own insurance company who insured the property against loss. The court said:

> Here only a single injury is alleged by the plaintiff, the loss of his property; and although he seeks to hold each defendant liable for the entire loss on a different basis, he may recover, if at all, only once, to the extent of his loss. Moreover, the crucial facts in the controversy with both defendants are the circumstances of the disappearance of the tractor and trailer from the lot.

*Id.* at 508. The court held the facts to fall within the *Finn* single injury rule. The same is true here. Plaintiff herein suffered one loss: the damage to the building, and thus there is not a separate and independent claim against Allstate. Furthermore, the proof of the right to recover under the insurance policy is dependent on the plaintiff proving that the damage was caused by the resident defendant's vehicle. When recovery against one defendant is dependent on proving facts necessary to recover against the other defendant, a separate and independent claim is not presented. *Race v. Nationwide Mut. Ins. Co.*, 180 F.Supp. 789, 792 (E.D.Wis.1960).

The cases relied on by defendant Allstate are either distinguishable or do not support Allstate's contentions. *Knight v. First Pyramid Life Ins. Co. of Amer.*, supra, involved a claim for breach of an insurance contract and a totally unrelated claim for invasion of privacy and harassment. There was no connection between the alleged tortfeasor and the insurance company. This is obviously a completely different case from the one at bar. *Twentieth Century-Fox*, supra, has since been severely disapproved by *Gardner & Florence Call Cowles Found. v. Empire Inc.*, 754 F.2d 478 (2d Cir.1985), in which the Second Circuit noted that "few, if any, diversity cases can be properly removed under Section 1441(c) in light of the construction placed on the statutes by the *Finn* case." *Id.* at 481 (citations omitted). *Moosbrugger, su-*

*pra*, resulted in remand for lack of a separate and independent claim. The Court finds Allstate's contentions to be without merit.

As there is no separate and independent claim against the non-resident defendant within the meaning of section 1441(c) as interpreted by *Finn*, supra, this Court is without jurisdiction. This case must therefore be remanded to state court. It is therefore ORDERED that this case was removed improvidently and without jurisdiction, and it is to be REMANDED to the Circuit Court of Baldwin County, Alabama, forthwith, pursuant to 28 U.S.C. § 1447(c).