Bertil HOYOS and Beatrize Hoyos, husband and wife, Plaintiffs,

v.

HAMMER HOMES, INC., and Monte W. Green, Defendants.

No. 89–10023–CIV.

United States District Court, S.D. Florida, Miami Division.

Aug. 7, 1989.

Charles F. Mills, So. Miami, Fla., Leonard H. Wolf, Miami, Fla., for plaintiffs.

Nicholas Mulick, Tavernier, Fla., for defendant-third party plaintiff.

Robert C. Maland, Miami, Fla., for third party defendant.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER OF REMAND

THIS CAUSE comes before the Court *sua sponte.* By Order dated July 10, 1989, Chief Judge James Lawrence King recused himself from this action. Simultaneous therewith, this action was reassigned to the undersigned judge. Upon review of the file herein, it is the opinion of this Court that the above-styled cause was improvidently removed from state court. Accordingly, this cause shall be REMANDED to state court for all further proceedings.

### Facts

On August 11, 1986, Plaintiff, BERTIL HOYOS, became the owner in fee simple of certain unimproved real property in Monroe County, Florida, described as follows:

Lot 97, HAMMER POINT PARK, according to the Plat thereof, as recorded in Plat Book 6, at Page 35 of the Public Records of Monroe County, Florida. [hereinafter referred to as Lot 97]

During the month of October 1986, Plaintiffs allegedly met with Defendant, MONTE W. GREEN, and discussed with him their desire to build a modular home on Lot 97. During the course of negotiations, GREEN allegedly represented to Plaintiffs that he would supervise the construction of their modular home, and that said modular home would be both attractive in appearance and sound in construction. Based upon the foregoing representations, Plaintiffs advanced to GREEN the sum of $30,-000.00 to be applied toward the purchase

and construction of this modular home. In addition thereto, Plaintiffs allegedly executed a second mortgage to GREEN in the amount of $30,000.00, such mortgage being secured by a promissory note in the same amount. GREEN allegedly applied this mortgage as a credit toward the purchase of the aforedescribed modular home, the entire cost of which, including the lot upon which it was constructed, was in excess of $170,000.00.

Construction of Plaintiffs' modular home was completed on March 9, 1987, and thereafter, GREEN allegedly represented to Plaintiffs that the home was constructed in conformity with all plans, specifications, and building codes. The Monroe County Building Department issued a Certificate of Occupancy on March 9, 1987. Subsequent to the completion of their modular home, Plaintiffs allegedly discovered, contrary to the representations of GREEN, that the modular home was unsafe and not of sound construction. Accordingly, Plaintiffs instituted the above-styled cause in state court against Defendants, HAMMER HOMES, INC., and MONTE GREEN, based upon unfair trade practices, fraud, breach of express and/or implied warranty, rescission, and such other equitable relief as the court may deem just.

Subsequent thereto, Defendants filed a Third Party Complaint against Third Party Defendant, ARABI HOMES, INC., and asserted therein, claims for breach of warranty, indemnity and contribution. According to the Third Party Complaint, ARABI HOMES, INC. manufactured, sold, and installed the modular home in question. Accordingly, Third Party Plaintiffs, HAMMER, HOMES, INC., and MONTE GREEN, have demanded judgment for indemnity and contribution from ARABI HOMES, INC., for and from any judgment entered against Third Party Plaintiffs pursuant to this action.

Subsequent to the filing of the Third Party Complaint, Third Party Defendant, ARABI HOMES, INC., filed a Verified Petition for Removal on April 24, 1989, and thereupon removed this action to federal court on the basis of diversity jurisdiction.

Third Party Defendant maintains that diversity of citizenship is present based upon the following:

(i) Plaintiff, MR. BERTIL HOYOS, is deceased and his wife, Plaintiff BEATRIZE HOYOS, continued thereafter as Plaintiff in her individual capacity and as personal Representative of the Estate of her late husband BERTIL HOYOS. BEATRIZE HOYOS is a citizen of the Country of Columbia and the Estate of her late husband takes on her citizenship as Personal Representative.

(ii) Defendants/Third–Party Plaintiffs, HAMMER, HOMES, INC., and MONTE GREEN, are citizens of the State of Florida. HAMMER, HOMES, INC. is a Florida corporation having its principal place of business in the State of Florida.

(iii) ARABI HOMES, INC., is a Georgia corporation having its principal place of business in Georgia.

### Discussion

Third party removal practice is governed by 28 U.S.C.A. Section 1441(c) which provides:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

A determination of whether a third party action has been properly removed involves a two-prong inquiry according to the statute. *Conn. Sav. Bank v. Savers Federal Sav. & Loan,* 670 F.Supp. 1549, 1550 (S.D. Fla.1987). First, the claim must be separate and independent from the main action such that it is susceptible of adjudication separate and apart from the claims raised in the main action. *Id.* Second, it must be apparent that the claim could have originally been brought into federal court had it been sued upon by itself, meaning that a federal court would have jurisdiction over the claim. *Carl Heck Engineers v. La-*

*Fourche Parish Police,* 622 F.2d 133, 136 (5th Cir.1980).[1]

The Supreme Court in *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), set forth the relevant test to determine the propriety of removal under section 1441(c). In *Finn,* the Court held "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under Section 1441(c)." *Id.* at 14, 71 S.Ct. at 540. Separate and independent contemplate more than a test for severability. *Id.* at 12, 71 S.Ct. at 539. "The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." *Id.* Additionally, "[i]f all damages come 'from a single incident' or all claims involve 'substantially the same facts' invasion of a single primary right is indicated." *Addison v. Gulf Coast Contracting Services, Inc.,* 744 F.2d 494, 500 (5th Cir.1984) (*quoting Finn,* 341 U.S. at 16, 71 S.Ct. at 541); *Duncan v. City of Golden Beach,* 662 F.Supp. 974 (S.D.Fla. 1987).

The threshold inquiry, then, is whether Defendants', HAMMER HOMES, INC., et al., third party claim against ARABI HOMES, INC. presents a separate and independent claim within the meaning of the removal statute.[2] To determine whether a claim is separate and independent, a court must look not to how many tortious or otherwise wrongful actions were committed by defendants, but to whether the plaintiff has suffered more than one loss. *Johnson v. Allstate Ins. Co.,* 633 F.Supp. 43, 44 (S.D.Ala.1986). In this case, Plaintiffs have suffered only one loss: faulty construction and improper installation of a modular home. While Plaintiffs have two possible sources of recovery, they are entitled to but one recovery, regardless of the theory of recovery. *Id.* As Plaintiffs herein have suffered but one loss, there is no separate and independent claim which can be removed by Third Party Defendant, ARABI HOMES, INC.

Furthermore, Defendants'/Third Party Plaintiffs', HAMMER HOMES, INC., et al., right to recover against Third Party Defendant, ARABI HOMES, INC., is dependent upon Plaintiffs proving that HAMMER HOMES, INC., et al., are responsible for the faulty construction and improper installation of the modular home. *Id.* When recovery against one defendant is dependent on proving facts necessary to recover against the other defendant, a separate and independent claim is not presented. *Id.*[3]

---

**1.** "If the third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court, there should be no bar to removal." *LaFourche,* 622 F.2d at 136.

**2.** As noted by the Second Circuit in *Gardner & Florence Call Cowles Found v. Empire Inc.,* 754 F.2d 478 (2d Cir.1985), "few, if any, diversity cases can be properly removed under Section 1441(c) in light of the construction placed on the statutes by the *Finn* case." *Id.* at 481.

**3.** The wholly contingent and dependent nature of HAMMER HOMES, INC. and MONTE W. GREEN, Third Party complaint against ARABI HOMES, INC. is further apparent from the language contained in the Third Party Complaint:

Count I

6. In the event Third Party Plaintiffs, Hammer Homes, Inc. and Monte W. Green are found liable to Plaintiffs, then Third Party Plaintiffs are entitled to partial and/or full indemnity from Third Party Defendant, Arabi Homes, Inc. . . .

Wherefore, Third Party Plaintiffs, Hammer Homes, Inc. and Monte W. Green, demand judgment for indemnity and contribution from Third Party defendant, Arabi Homes Inc., for and from any judgment entered against Third Party Plaintiffs pursuant to this action filed by Plaintiffs. . . .

Count II

9. The modular home which is the subject of Plaintiffs' Complaint was manufactured and installed by Third Party Defendant, Arabi Homes, Inc., its agents or employees. Any damages sustained by Plaintiffs were caused directly and proximately by Third Party Defendant's actions and Third Party Plaintiffs' liablity for damages, if any, is purely vicarious, passive or secondary. In the event that legal liability is imposed upon Third Party Plaintiffs for damages sustained by Plaintiffs, they are entitled to contribution and indemnification from Third Party Defendant, Arabi Homes, Inc.

As the Third Party Complaint does not constitute a separate and independent claim within the meaning of section 1441(c) as interpreted by *Finn, supra,* this Court is without jurisdiction. This case must therefore be remanded to state court.

■ Assuming arguendo, however, that the third party action was separate and independent from the original action, the issue raised is whether removal is sanctioned under section 1441(c) when neither claim is of a non-removable character. It is the view of this Court that this inquiry must be answered in the negative.

By its terms, section 1441(c) may be invoked only when the following elements are present: (1) separate and independent claims are joined in one action, (2) one of the claims would be removable if sued upon alone either on the basis of federal question or diversity jurisdiction, and (3) at least one of the claims is of a non-removable character. *Rembrant, Inc. v. Phillips Const. Co., Inc.* 500 F.Supp. 766, 769 (S.D. Ga.1980); 1A *Moore's Federal Practice* paragraph 0.163[4.-5], at 262-63 (2d ed. 1979). Of concern at present is the third factor.

Section 1441(c) is applicable only where there has been joined in the Complaint separate and independent claims and causes of action, one of which would be removable if sued upon alone, and the other or others are otherwise non-removable. *Rembrant,* 500 F.Supp. at 769 (*quoting Wallis v. Southern Silo Company, Inc.,* 369 F.Supp. 92, 96 (N.D.Miss.1973)). For purposes of diversity, Plaintiffs, BERTIL HOYOS and BEATRIZE HOYOS, are citizens of the country of Columbia; Defendants/Third Party Plaintiffs, HAMMER HOMES, INC., and MONTE W. GREEN, are citizens of the State of Florida; and Third Party Defendant, ARABI HOMES, INC., is a citizen of Georgia. Thus, complete diversity exists. It is apparent, therefore, that either the original claim or the third party claim would be removable if sued upon alone. Based upon the absence of a non-removable claim, neither the instant action, nor any part thereof, may be removed.

The right of removal is purely statutory, and, as a congressionally imposed infringement on a state's power to determine controversies in their courts, removal statutes must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Thus, "[i]n a case where the basis for jurisdiction is doubtful, the Court should resolve such doubt in favor of remand." *Rembrant,* 500 F.Supp. at 768 (*quoting McCurtain County Production Corp. v. Cowett,* 482 F.Supp. 809, 812 (E.D. Okl.1978). As the propriety of removal in the instant case is doubtful at best, this Court hereby resolves such doubt in favor of remand.

Based upon the foregoing discussion, it is the opinion of this Court that the instant action was improvidently removed and, therefore should be remanded to the state court for further proceedings. Accordingly, it is hereby

ORDERED AND ADJUDGED that the above-styled cause in its entirety shall be REMANDED to state court for all further proceedings.

DONE AND ORDERED.

