FARR, Respondent, *v.* STEIN, Appellant.

(No. 3,890.)

(Submitted March 12, 1918. Decided April 6, 1918.)

[172 Pac. 135.]

*Principal and Agent—Personal Liability of Agent—Undisclosed Principal—Evidence—Harmless Error.*

Principal and Agent—Personal Liability of Agent—How Avoided.
1. An agent is not personally liable on a contract entered into by him on behalf of his principal if he disclosed the identity of the latter and made the engagement for him.
[As to suits by undisclosed principals on contracts made with their agents, see note in 55 Am. St. Rep. 916.]

Same—Personal Liability of Agent—Jury Question.
2. Where the evidence of what was said and done at the time defendant, claiming to have acted as agent for another, entered into a contract, was equivocal and furnished the basis for different inferences as to what the intention of the parties was, the question whether defendant acted for himself was properly submitted for determination by a jury.

Evidence—Admission—Harmless Error.
3. Technical error in the admission of evidence will not work a reversal of the judgment if appellant is unable to show that by its admission he was prejudiced.

*Appeals from District Court, Custer County; Daniel L. O'Hern, Judge.*

Action by George W. Farr against Henry Stein. From a judgment in favor of plaintiff and an order denying his motion for a new trial, defendant appeals. Affirmed.

*Mr. Henry Stein,* appearing *pro se,* submitted a brief and argued the cause orally.

*Mr. H. E. Herrick,* for Respondent, submitted a brief.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by plaintiff in a justice's court of Miles City township, in Custer county, to recover the reasonable value of professional services performed by him for defendant as an attorney at law. The complaint alleges, in substance, that the plaintiff at the special instance and request of defendant rendered him professional services and gave him professional advice relative to the payment of interest on a promissory note for the sum of $70, executed by Mrs. Cora Hoppe to one Sol Miness, and the foreclosure of a chattel mortgage given by the former to the latter to secure the payment of the note. For his defense the defendant relied on a general denial. Plaintiff recovered judgment in the justice's court. A trial on appeal in the district court also resulted in a judgment for the plaintiff. Defendant has appealed from the judgment and an order denying his motion for a new trial. He appeared in this court and filed a brief in his own behalf.

His principal contention is that the court erred in denying his motion for a new trial on the ground that the evidence is insufficient to justify the verdict. While tacitly admitting that services of the value alleged were rendered by plaintiff at his special instance and request, he argues that the evidence discloses that in employing plaintiff he was acting, not for himself, but in a representative capacity as agent of Miness, the apparent owner of the note and mortgage, and hence that he did not become personally liable to plaintiff. To fortify his argument [1] he cites many cases which declare the rule that an agent is not personally liable on a contract entered into by him on behalf of his principal if it appears, in point of fact, that he disclosed the identity of his principal and made the engagement for him.

There is no doubt as to the correctness of this rule. Though expressed in varying terms, it is recognized by the courts and text-writers generally. (*Anderson* v. *Timberlake,* 114 Ala. 377, 62 Am. St. Rep. 105, 22 South. 431; *Hewitt* v. *Wheeler,* 22 Conn. 557; *Wheeler* v. *Reed,* 36 Ill. 81; *Murphy* v. *Helmrich,* 66 Cal. 69, 4 Pac. 958; *Argersinger* v. *MacNaughton,* 114 N. Y. 535, 11 Am. St. Rep. 687, 21 N. E. 1022; *Neely* v. *State,* 60 Ark. 66, 46 Am. St. Rep. 148, 27 L. R. A. 503, 28 S. W. 800; *Whitney* v. *Wyman,* 101 U. S. 392, 25 L. Ed. 1050; 2 Kent's Commentaries, 630, 631; 31 Cyc. 1555; 1 Mechem on Agency, 2d ed., 1169, 1179; Story on Agency, sec. 267.) Section 5453 of the Revised Codes embodies in principle the same rule. It provides: "One who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency, in any of the following cases, and in no other: 1. When, with his consent, credit is given to him personally in a transaction. * * * " Obviously, the assumption by one to act as agent for another, must of necessity require this fact to be declared by him in appropriate terms, as well as the name of the principal for whom he is acting. Obviously, also, when the evidence of what was said and done at the time of the particular transaction, in the light of the attendant circumstances, is equivocal and furnishes the basis for different inferences as to what the intention of the parties was, the question whether defendant acted for [2] himself is for determination by a jury. The evidence embodied in the record here presents such a question. It would serve no useful purpose to set it forth and analyze it in detail. The following summary of it will be sufficient to exemplify this:

The plaintiff and defendant both reside in Miles City, Custer county. At the time the services over which this controversy arose were rendered, Mr. Herrick, as attorney at law, was in the employ of the plaintiff. A question had arisen between defendant and Mrs. Hoppe as to whether defendant had not exacted and collected interest on the note at a rate in excess of that stipulated for therein (Laws 1913, Chap. 36, p. 51), and had become liable to the forfeiture prescribed by the statute.

Defendant sought the advice of Mr. Herrick in this connection, and also his services in the foreclosure of the mortgage, if this should become necessary. Mr. Herrick, aided by plaintiff, took up the question of interest and later advised defendant that there was nothing in the way of a foreclosure, but that this would not be necessary, as Mrs. Hoppe was willing to make a settlement of the matter. In fact, a settlement was pending at that time and later was effected either on the basis then proposed or upon a different basis. When Mr. Herrick and the plaintiff were informed of the terms proposed by the defendant and were requested to put them in writing, they refused to act further for the defendant, because they became satisfied that the terms proposed by him were not fair and just to Mrs. Hoppe. The evidence does not disclose how the settlement was finally made. At no time during the several visits by defendant to plaintiff's office was any mention made of the relation the defendant bore to Miness, the ostensible payee of the note; nor was anything said as to the ownership of either it or the mortgage, the plaintiff assuming that the defendant was the owner and had caused them to be executed by Mrs. Hoppe to Miness, a fictitious person, ostensibly a resident of New York City, to avoid the payment of taxes in Montana. While there is no direct evidence tending to establish this fact, there are circumstances which furnish some basis for an inference that it was the fact, or, to say the least, which leave a reasonable mind in doubt on the subject. This condition of the evidence required a submission of the issues to the jury; and as its conclusion thereon was approved by the trial judge in denying the motion for a new trial, this court must accept it as final.

A second contention is that the court erred in refusing to direct the jury to return a verdict for the defendant and in submitting certain instructions requested by the plaintiff. We have already shown that the evidence called for a finding by the jury. The court, therefore, properly refused to direct a verdict. The objection to the instructions submitted did not question their correctness in point of law, but merely questioned the

propriety of submitting the case to the jury at all.   Defendant's contention in this behalf is without merit.

Finally, it is contended that the court erred in admitting and [3] excluding evidence.   Technically some of the rulings in this behalf were erroneous.   Some of the evidence admitted was immaterial; but it is not pointed out that it prejudiced the defendant, nor, by a careful examination of the entire record, have we been able to ascertain that it did.   The evidence excluded was wholly immaterial and did not relate to any issue in the case.   The rulings in this connection were correct.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.