**RAMAPO ROCKLAND CORPORATION and Harry Schwartz Yarn Co., Inc., Plaintiffs,**

v.

**MERCHANTS AND BUSINESS MEN'S MUTUAL INSURANCE COMPANY and Robert J. Murray, Defendants.**

United States District Court
S. D. New York.

Nov. 12, 1957.

Powers, Kaplan & Berger, New York City, by David A. Ticktin, and Robert Fishbein, New York City, of counsel, for plaintiffs.

Max J. Gwertzman, New York City, for defendant, Merchants & Business Men's Mut. Ins. Co.

EDELSTEIN, District Judge.

This is a motion under 28 U.S.C. § 1447(c) to remand a removed action to the Supreme Court of the State of New York, County of New York. The complaint pleads four causes of action by two plaintiffs, one a New York corporation and the other a New Jersey corporation. The first and second causes of action are pleaded by both plaintiffs against the defendant Pennsylvania corporation, and the third and fourth causes of action are by both plaintiffs against the defendant Pensylvania corporation and the individual defendant who is a citizen of the State of New Jersey. Thus, in the third and fonrth causes of action, com-

plete diversity is lacking between all plaintiffs and all defendants, one of the plaintiffs and one of the defendants being citizens of New Jersey.

Under § 1441(c) of Title 28, this court has jurisdiction to try and determine the issues in the causes of action lacking diversity if they are joined with one or more "separate and independent" claims or causes of action that would be removable if sued upon alone. But in order to avoid the confusion surrounding the concept of severability involved in the former § 71 of Title 23, the courts must give a broad meaning to "cause of action". See Moore's Commentary on the U. S. Judicial Code, p. 238. The four causes of action pleaded by plaintiffs are: (1) for a breach of contract of fire insurance, (2) for reformation of the contract so that recovery may be had thereunder, (3) for fraudulent inducement by both defendants of cancellation of other insurance coverage, and (4) for conspiracy by defendants not to deliver policies issued. All of these causes of action arise out of a single series of interlocking transactions and are aimed at remedying a single wrong allegedly done to the plaintiffs: depriving them of the proceeds of insurance coverage for their fire losses.

Under the doctrine of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S. Ct. 534, 19 A.L.R.2d 738, the third and fourth causes of action, which lack complete diversity, are not separate and independent claims or causes of action within the purview of § 1441(c). Accordingly, the motion to remand will be granted.