Earl KOEPPE, Plaintiff,

v.

LUNDELL MANUFACTURNG COMPANY, Incorporated, a corporation, Keegan Equipment Company, a corporation, and Claude Moorhead, individually, and doing business as Moorhead Implement Company, Defendants.

No. 4–59 Civil 96.

United States District Court
D. Minnesota,
Fourth Division.

Oct. 9, 1959.

Robert Stone, Minneapolis, Minn., for plaintiff.

John E. Castor, Minneapolis, Minn., for defendant Lundell Mfg. Co.

NORDBYE, District Judge.

The plaintiff brought this action in the Hennepin County District Court to recover for personal injuries sustained while using a farm implement type machine described as a forage chopper with hay conditioner attachment. He had purchased the machinery from Claude Moorhead, a retail merchant, who had purchased it from Keegan Equipment Company, a distributor or dealer of Lundell Manufacturing Company, the manufacturer.

The complaint consists of two causes of action. One is based upon tort and the other on the breach of express or implied warranties. In the first cause of action, it is alleged that plaintiff's injuries were caused "by reason of the negligence of defendants, and each of them, in the design, assembly, manufacture, sale and distribution of said forage chopper and hay conditioner, in failing to give plaintiff any notice or warning with respect to the hazards and dangers in the use of said equipment, in allowing and permitting the same to be in a dangerous and hazardous condition, [and] in failing and neglecting to properly protect and guard the choppers on said machine * * *."

In the second cause of action, plaintiff makes a claim for damages by reason of the same injury, but bottoms his claim on a breach of express or implied warranties, alleging that "defendants at all times herein warranted, expressly or by implication, that said forage chopper and hay conditioner attachment was safe to operate and was fit for the use for which it was intended; that plaintiff relied on said express or implied warranty; that in truth and in fact the said forage chopper and hay conditioner attachment was in an unsafe condition, and by reason of defendants' breach of said express or implied warranties plaintiff was caused to be seriously injured * * *."

Plaintiff is a resident and citizen of Minnesota. Defendants Keegan and Moorhead are Minnesota citizens. Defendant Lundell is an Iowa corporation having its principal offices and place of business at Cherokee, Iowa. Lundell removed this case to this Court pursuant to Section 1441(c) of the Judicial Code, which reads,

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Plaintiff now requests that the case be remanded to the State Court whence it came upon the ground that the removal cannot be maintained for lack of jurisdiction.

Defendant Lundell, however, attempts to sustain the removal on the basis of the second count and urges that plaintiff in said count alleges that the defendants warranted expressly or by implication the said forage chopper and hay conditioner to be safe to operate and that it was fit for the use for which it was intended. Lundell contends that in

alleging a breach of an express warranty against all of the defendants it necessarily alleges a "separate and independent" cause of action as to each defendant, and that therefore, as an Iowa corporation, there is the necessary diversity between it and plaintiff and it may remove the express warranty claim to this Court. Lundell asserts that any express warranty by it necessarily connotes a separate contract of warranty by it and a breach by it, and therefore there is alleged in the complaint a separate and independent cause of action as to it and as to each of the other defendants as well, so far as there may have been an express warranty given by any one of them.

■ But defendant Lundell's analysis of the second count as one which states a "separate and independent cause of action" as to each of the defendants with respect to the giving and the breach of an express warranty, is patently unsound. Here, there is only one right of the plaintiff which had been allegedly invaded; that is, the right to bodily safety of the one purchasing and using the machine in the ordinary and normal manner for which it was intended. Now, whether that right had been wrongfully encroached upon by breaches of implied or express warranties or a combination of both, does not, under this complaint, give rise to separate and independent causes of action. As the Supreme Court stated in Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069, in construing this removal statute, "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show." That language was quoted with approval by the court in American Fire & Casualty Co. v. Finn, 341 U.S. 6, 13, and on page 14, 71 S.Ct. 534, on page 540, 95 L.Ed. 702 of that decision the court states, "We conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

■■ Here, simply stated, we have a joinder of multiple parties as defendants interested in one cause of action. There has been one wrong committed, and this is true whether the invasion of plaintiff's right to be free from bodily injury resulted from breach of contract by one or more of the defendants acting together or separately. Silverman v. Swift & Co., D.C.D.Conn.1951, 100 F. Supp. 961. If we commence with the premise that there is here only one claim or cause of action alleged in the second count, which premise must necessarily follow from the teachings of the Phillips and Finn cases, then it seems irresistibly clear that plaintiff has not alleged in his second count or elsewhere any separate and independent cause of action against Lundell which is removable under Section 1441(c). The fact that separable controversies may exist as to the defendants who may have given an express or an implied warranty with reference to the safety of the machine in question, does not mean that there is a separate and independent cause of action as to each of the defendants as to such issues. It must be emphasized that in this proceeding in the second count we have only one actionable wrong and only one cause of action. The same situation exists as to the first count sounding in tort. The following cases are helpful: Mayflower Industries v. Thor Corporation, 3 Cir., 1950, 184 F. 2d 537 (majority and concurring opinions); Schwartz v. Employers Mutual Liability Ins. Co. of Wis., D.C.S.D.N.Y. 1959, 170 F.Supp. 194; Ramapo Rockland Corp. v. Merchants & Business Men's Mutual Ins. Co., D.C.S.D.N.Y. 1957, 156 F.Supp. 311; Guess v. Kellogg Switchboard & Supply Co., D.C.N.D.Cal. 1956, 143 F.Supp. 807; Knight v. Chrysler Corp., D.C.D.N.J.1955, 134 F.Supp. 598; Fair Oaks Transportation Co. v. Central Manufacturers' Mutual Ins. Co., D.C.S.D.N.Y.1954, 127 F.Supp. 507; Henry Kraft Mercantile Co. v. Hartford Accident & Indemnity Co., D.C.W.D.Mo. 1952, 107 F.Supp. 505.

It follows from the foregoing that plaintiff's motion to remand this case to the District Court of Hennepin County, Fourth Judicial District, must be granted. It is so ordered.