Charles O. MOOSBRUGGER, Plaintiff,

v.

McGRAW–EDISON COMPANY, American Laundry Machinery Industries, Small Equipment Sales Company, Equipment Acceptance Corporation and Econ-O-Wash, Inc., all foreign corporations, Defendants.

Civ. No. 3–62–261.

United States District Court
D. Minnesota,
Third Division.

Feb. 14, 1963.

Stringer, Donnelly & Sharood, by Henry H. Cowie, Jr., St. Paul, Minn., for plaintiff.

Young, Denenberg & Mullery, by Malcolm D. Young, Omaha, Neb., and Dorsey, Owen, Marquart, Windhorst & West, by William A. Whitlock, Minneapolis, Minn., for defendants McGraw-Edison Co. and Equipment Acceptance Corp.

King, MacGregor & Lommen, Minneapolis, Minn., for defendant Econ-O-Wash, Inc.

DONOVAN, District Judge.

Plaintiff commenced this action against defendants in Ramsey County District Court to recover damages on a contract of warranty, express and implied, and upon which plaintiff relied.[1]

The contract of sale involved certain coin-operated dry cleaning machines. These machines were designed and manufactured by the McGraw-Edison Company (herein referred to as McGraw) or its subsidiaries, and sold to the plaintiff by defendant Econ-O-Wash, Inc. (herein referred to as Econ). The financing was done by defendant Equipment Acceptance Corporation (herein referred to as EAC). Plaintiff alleges that the machines were defective to the extent that they were completely useless, and that he has suffered loss of investment and loss of prospective earnings, all in the amount of $160,000.00. Plaintiff also seeks cancellation of the financing agreement with EAC.

McGraw and EAC petitioned for removal of the cause to this court under 28 U.S.C.A. § 1441 (herein referred to as 1441) which allows removal of a cause from the State courts to the Federal courts if all the defendants join in the petition, and the cause is one which could have been brought in the Federal court originally. The plaintiff now moves to remand this action to the State court because defendant Econ did not join in the petition to remove. Section 1441(c) provides for removal by defendants having separate and independent claims which could have been removed if sued upon alone. The issue is whether the complaint states separate and independent claims within the meaning of the removal statute.

The general statement of the law is that all defendants must join in a petition to remove.[2] Where separate and independent claims exist, the defendants affected thereby may remove.[3] When a separate and independent claim is removed, the entire cause is subject to removal.[4] It is also the policy of the Federal courts to restrict their jurisdiction, and doubtful removal cases should be remanded to the State courts.[5]

Removing defendants assert that the complaint states three claims: one for breach of warranty, one for negligence in design and manufacture, and last, for rescission of the financing agreement.

EAC contends that the claim for rescission of the financing agreement is separate and independent. Assuming this to be true, nonetheless it is of no

---

1. Plaintiff's complaint goes on to allege:
   "* * * and that said machines were in fact and are defective and inoperable.
   "That plaintiff has thereby sustained loss, not only of his original investment, but of reasonably anticipated profits and has incurred installation expenses, liability for rents, attorneys' fees, and that plaintiff has demanded reimbursement for the same."

2. Wright v. Missouri Pac. R. Co., 8 Cir., 98 F.2d 34; Culp v. Baldwin, 8 Cir., 87 F.2d 679.

3. Evangelical Lutheran Church v. Stanolind Oil & G. Co., 8 Cir., 251 F.2d 412.

4. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.

5. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214.

avail for the reason that 1441(c) states that removal is possible only if the separate and independent claim could be removed if sued upon alone. It is alleged in the complaint, and not denied by defendant, that the financing agreement involved the sum of $1,000.00. This is far less than the amount required to vest jurisdiction in Federal court. EAC cannot remove the asserted separate and independent claim.

█ McGraw contends that the claim of negligence in design and manufacture is separate and independent, and that it and its subsidiaries are the only defendants affected by this claim. In American, supra, the suit involved two fire insurance policies issued by separate companies and the liability of the insurance agent because of fraud. The insurance companies tried to remove the cause to the Federal court, and the court held that though the plaintiff sued both companies on the policies, and for fraud on the part of the agent, they did not constitute separate and independent claims within the meaning of the removal statute. The court pointed out that the claims were all part of the same injury to the plaintiff arising out of the fire which destroyed the property. The facts of the instant case are comparable. Plaintiff's purported injury resulted from a claimed defect in the machines he purchased; and that they were not what he bargained for. His claims are not in fact separate and independent. On the contrary, they are but part of the relief which he seeks for the single injury sustained by him and for the one right invaded.[6]

█ The defendants who caused removal to this court complain that although Econ had been served, there was no indication of record about such service. This they claim made difficult their attempt to get all the defendants to join in the petition to remove. This contention is not persuasive. Econ was a named defendant and a customer of McGraw. Defendant McGraw could easily have located and ascertained from Econ whether it had been served and if it would join in the petition to remove.

The motion by defendants McGraw and EAC to dismiss is denied.

It is so ordered.

The motion by plaintiff to remand is granted.

It is so ordered.

Costs are disallowed to all parties.

It is so ordered.

Exceptions are allowed.

---

6. Koeppe v. Lundell Manufacturing Company, D.C.Minn., 179 F.Supp. 918.