**Rex A. STONE, an Individual and for all persons similarly situated, Plaintiff,**

**v.**

**LENNOX INDUSTRIES, INC., et al., Defendants.**

**Civ. No. 78-0-89.**

United States District Court, D. Nebraska.

March 30, 1978.

**176**

Thomas J. Garvey, Bellevue, Neb., for plaintiffs.

David A. Jacobson, Omaha, Neb., for defendants.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This case concerns an action for damages caused by defective heat pumps manufactured and distributed by defendant Lennox Industries, Inc., and installed by defendant Frank J. Merwald and Sons, for the general contractors, also defendants in this case. All parties are residents of Nebraska except Lennox Industries, a resident of Iowa. Lennox Industries removes this case to federal court on the ground that the claim against Lennox is a separate and independent claim and, therefore, can be removed to federal court since diversity exists between Lennox Industries and the plaintiff. The plaintiff has moved to remand the case to state court.

In order for this Court to sanction the removal of this action to federal court, the Court must find that the suit against the manufacturer is separate and independent from the claims against the installer who performed the installation and the contractors who ordered the devices originally. The plaintiff is seeking a single relief:

> Plaintiff prays for judgment against Defendants jointly and severally on behalf of himself and all others similarly situated in an amount required to replace said ineffective heat pump with central heat-

ing unit which is designed and properly installed to adequately heat the residences in College Heights, for a reasonable Court awarded attorney fees and its costs herein expended.

Removal jurisdiction is discussed in *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The *Finn* case concerned two insurance companies and an insurance agent all of whom were sued. Liability lay among the three parties but it was uncertain which one was responsible. The Court stated:

> We conclude that where there is a single wrong to plaintiff for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under Section 1441(c).

> In making this determination we look to the plaintiff's pleading which controls.

An example of the application of this rule is *Moosbrugger v. McGraw-Edison Company,* 215 F.Supp. 486 (D.Minn.1963). This case concerned a contract of sale involving certain coin-operated dry cleaning machines which were designed and manufactured by McGraw-Edison and its subsidiaries and sold to the plaintiff by defendant Econ-O-Wash, Inc. The financing was done by defendant Equipment Acceptance Corporation. The plaintiff alleged that the machines were defective to the extent that they were completely useless and that he had suffered loss of investment and loss of prospective earnings. In considering whether the action against the defendant McGraw was separate and independent, the Court stated:

> McGraw contends that the claim of negligence in design and manufacture is separate and independent, and that it and its subsidiaries are the only defendants affected by this claim. . . . Plaintiff's purported injury resulted from a claimed defect in the machines he purchased; and that they were not what he bargained for. His claims are not in fact separate and independent. On the contrary, they are but part of the relief which he seeks

for the single injury sustained by him and for the one right invaded.

In considering the pleadings in this matter and the relief sought by the plaintiff and in light of the case law, the action against Lennox Industries cannot be characterized as separate and independent and jurisdiction in this Court must be denied. A separate order shall be entered this day in accordance with this memorandum opinion.