No. 14715

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

BUDGET INSURANCE AND FINANCE,

Plaintiff and Appellant,

vs.

CHARLES O. LEIGHTY and ARLENE LEIGHTY,
husband and wife,

Defendants and Respondents.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable James M. Salansky, Judge presiding.

Counsel of Record:

For Appellant:

Hash, Jellison, O'Brien and Bartlett, Kalispell, Montana
James Bartlett argued, Kalispell, Montana

For Respondents:

Astle and Astle, Kalispell, Montana
Dave Astle argued, Kalispell, Montana

---

Submitted: December 14, 1979

Decided: MAR 12 1980

Filed: MAR 12 1980

*[signature]* Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Budget Insurance and Finance appeals from a judgment against it in the Eleventh Judicial District, Flathead County, entered after a nonjury trial, determining that Charles O. Leighty is not obligated under the terms of a retail installment contract and promissory note to Budget.

On April 2, 1973, Leighty (Leighty means Charles O. Leighty unless otherwise stated) entered into a retail installment contract with Western Motors, Inc. of Kalispell, Montana, to cover the repairs on a 1959 autocar diesel. Under the retail installment contract, he agreed to pay $1,496.64 over a period of 24 months to Western Motors, Inc. The contract was assigned to Budget Insurance and Finance (Budget) by Western Motors, Inc., and Budget at all times thereafter was the owner of any payee's rights under the contract.

On July 6, 1973, Leighty also executed a promissory note to Budget, by which he agreed to pay $3,431.01 over 37 equal monthly installments.

In each transaction, Leighty purchased credit life and disability insurance. The insurance was written by Budget, as an agent for North Central Life Insurance Company (North Central). Budget, named as a beneficiary on the insurance policies, did not require a physical examination of Leighty although its personnel were fully cognizant of his preexisting arthritis.

Subsequent to the execution of these instruments, and after the issuance of insurance policies, Leighty's neck began to hurt one day while sitting at a table and following that, he became disabled. He submitted a claim for disability coverage under the insurance policies to the manager of Budget who in turn filed the claims with North

-2-

Central. The insurance company denied coverage on the basis of Leighty's preexisting arthritic condition and refunded the premiums paid by Leighty.

The manager of Budget took issue with the insurance company's denial and drafted a letter to North Central requesting reconsideration of the claim. North Central again denied coverage.

Meanwhile, the payments due on the retail installments and on the note became delinquent and Budget filed suit against the Leightys thereon on November 21, 1975. At the time of trial, the unpaid amount was $4,852.66.

Arlene Leighty, the wife of Charles O. Leighty was named as a defendant in the suits because she cosigned the promissory note. The District Court, sitting without a jury, entered findings of fact and conclusions of law against Budget and in favor of Leighty. It found that Leighty had become totally disabled, that Budget had acted as an agent for the credit life insurance company, that Budget had received a commission of approximately 50% of the premium charged by the insurance company, that Budget was the beneficiary under the policies of insurance and that the manager of Budget had testified that the defendant was deserving of benefits under the policy. The District Court held, in its conclusions of law, that Leighty was not obligated under the terms of the retail installment contracts and promissory note and that the defendant was properly covered by disability insurance issued by the "plaintiff insurance company". It appears from that conclusion that the District Court considered that Budget and the issuing credit insurance company as one and the same.

Judgment in favor of the Leightys and against Budget was entered in the District Court. Budget appeals. We find we must reverse.

Budget frames these issues for review:

1.  Is a finance and insurance agency company, which sells disability insurance as an agent for an insurance company precluded from recovering money lent to a customer on the ground that the insurance company denies coverage to the customer and the agent is a beneficiary?

2.  Did the District Court have jurisdiction to find or did it err in finding that Leighty was disabled and was properly covered by disability insurance without the insurance company being a party to the action?

We have been presented with problems growing out of credit life and disability insurance policies in different aspects in the last several months. In First Sec. Bank of Bozeman v. Goddard (1979), ____ Mont. ____, 593 P.2d 1040, 36 St.Rep. 854, we determined that a credit disability insurance policy became effective on the date the obligation was incurred by the insured-debtor. In Cameron v. First National Bank of Bozeman, et al. (No. 14751, Decided March 7, 1980), we found that a credit disability insurer and its agents had the duty to give promptly to the insured, a notice of denial of coverage and to return any premium collected under section 33-21-206(3), MCA. In Cameron, we held in effect that the insurance company was responsible for the acts of its agent in failing promptly to notify the insured that he was ineligible for disability insurance, and in failing to return promptly his premium.

None of those issues appear here. Instead the District Court equated the agent, Budget Insurance and Finance with the insurance company itself, and forbade the collection of the debt owing the agent by Leighty.

-4-

The insurance policy or policies issued by North Central are not of record here, but Leighty testified that he had received an insurance policy, though he was unclear as to when he had received it.

The occasions when an agent becomes responsible to third persons as a principal are set out in section 28-10-702, MCA. That section states:

> "One who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency in any of the following cases and in no other:
>
> "(1) when, with his consent, credit is given to him personally in a transaction;
>
> "(2) when he enters into a written contract in the name of his principal without believing in good faith that he has authority to do so; or
>
> "(3) when his acts are wrongful in their nature."

At all times, Budget's position as an agent of the insurance company was known to and acted upon by Leighty. The effect of the court's decision is to hold Budget liable as a principal, and to wipe out the debt owed to Budget by Leighty because Budget was such a principal. This runs against the general rule that an agent is not personally liable on a contract entered into by him on behalf of a principal if it appears that the agent disclosed the identity of his principal and made the engagement for him. See dicta in Farr v. Stein (1918), 54 Mont. 529, 172 P. 135. We find nothing in the Montana statutes relating to insurance agents (section 33-17-101, et seq., MCA) to take insurance agents out of this general rule.

We hold therefore that Budget is not precluded from recovering the indebtedness due to it on the note and retail installment contract even though it is the agent of the insurance company which denied the disability claim and further even though Budget disputes the correctness of the

-5-

insurance company's denial.

We turn now to the second issue, whether the District Court had jurisdiction to determine disability insurance coverage without the insurance company having been joined in the action.

The record is bare as to any reason for Leighty not joining the insurance company. It was suggested on oral argument that perhaps the joinder was not sustainable because of the statute of limitations. However that may be, a binding determination of insurance coverage under a policy issued in this case by North Central cannot be made against North Central unless that company were made a party to the action. Since we have demonstrated Budget is not itself responsible as a principal in this case to Leighty, the issue whether he was properly denied coverage by North Central was not before the District Court because a proper party for that determination was not present in the action.

We hold therefore, that the judgment of the District Court in favor of Leighty must be reversed, and the cause remanded to the District Court for further proceedings in connection with the claimed indebtedness on the retail installment contract and the note, and the issues framed by the pleadings, consonant with this opinion.

_____
John L. Shehy
Justice

We Concur:

_____
Frank P. Haswell
Chief Justice

_____
Gene B. Daly

_____
John Conway Harrison

_____
Justices

-6-