**Agnes J. GREENING, Plaintiff,**

v.

**MUTUAL LIFE INSURANCE OF NEW YORK (MONY), Al D. Pontrelli and Althea Clapsaddle, Defendants.**

**No. CV–81–170–M.**

United States District Court,
D. Montana,
Missoula Division.

Jan. 31, 1983.

McGarvey, Lence & Heberling, Kalispell, Mont., for plaintiff.

Sam E. Haddon, Boone, Karlberg & Haddon, Missoula, Mont., for defendants.

## MEMORANDUM OPINION AND ORDER

HATFIELD, District Judge.

The present action was instituted in the District Court of Flathead County, Montana and removed to this court by the named defendants. The matter is now before the court upon the plaintiff's motion requesting the court to remand the action to that same state court. The plaintiff previously requested that the action be remanded, but the court denied that request without prejudice. Upon reconsidering the propriety of the plaintiff's request for remand, the court now finds remand appropriate; it appearing to the court that the action was removed improvidently and without jurisdiction.

The plaintiff, Agnes Greening, is the beneficiary on four separate life insurance policies issued to her husband by the defendant Mutual Life Insurance Company of New York (hereinafter "MONY"). Mrs. Greening instituted the present action to recover the accidental death benefits she believes she is entitled to, under the terms of the aforementioned policies. In addition, Mrs. Greening seeks to recover punitive damages for the alleged tortious conduct of the defendants with respect to their failure to pay the accidental death benefits at issue.

The plaintiff, Mrs. Greening, is a citizen of Montana. The defendants, MONY and Clapsaddle, are citizens of New York. The defendant Pontrelli, however, is also a citizen of Montana. In removing this action, the defendants invoked the diversity jurisdiction of this court. 28 U.S.C. § 1332(a).

In their petition for removal, the defendants asserted that the complaint failed to state a claim against defendant Pontrelli, which rendered his joinder in the action fraudulent as a matter of law. Accordingly, the defendants submitted, the citizenship of defendant Pontrelli was to be disregarded in determining the propriety of diversity jurisdiction. The defendants' contention of fraudulent joinder was predicated on the admission that at all times material to the complaint, defendant Pontrelli was acting as an agent of MONY, which rendered him immune from personal liability on the claims set forth by the plaintiff.

In challenging the propriety of removal of the action, the plaintiff contends that the original complaint sufficiently stated a cause of action against defendant Pontrelli, which negates the defendants' contention that his joinder was fraudulent. Accordingly, the plaintiff submits that complete diversity of citizenship was lacking, which precludes the court from assuming jurisdiction under 28 U.S.C. § 1332(a).

The issue before the court is whether removal of the present action from the state court where it was originally filed was proper. Resolution of that issue requires the court to undertake a two step analysis. First, the court must determine whether the joinder of defendant Pontrelli was, in fact, fraudulent. If the joinder of defendant was not fraudulent, the court must then determine if removal of the action was, nevertheless, justified.

## FRAUDULENT JOINDER

 The court begins its analysis with recognition of the fact that its determination as to the propriety of remand must be made on the basis of the plaintiff's pleading at the time of removal. *American Fire and Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). The original complaint sought: (1) recovery in contract for the face amount of the policies in issue and the accidental death benefits under those policies and (2) recovery of punitive damages for the alleged tortious conduct of the defendants with respect to their denial of payment on those policies.[1] Therefore, the plaintiff plead both a claim founded in contract and one founded in tort.

The original complaint alleged, in unequivocal terms, that defendants Pontrelli and Clapsaddle were, at all times material to the action, acting as agents of the defendant MONY. In the petition for removal, the defendants asserted that because the plaintiff sought to impose liability on the defendant/principal MONY via the doctrine of agency and *respondeat superior,* the complaint failed to state a cause of action against either the defendant Clapsaddle or the resident defendant Pontrelli according to the settled law of Montana. The deficiency of the complaint in that respect, the defendants submitted, rendered the joinder of those defendants fraudulent as a matter of law. Accordingly, the defendants submitted, the diversity jurisdiction of this court was not destroyed by the joinder of the resident defendant Pontrelli.

 It is true, as the defendants assert, that diversity jurisdiction is not destroyed by joinder of a non-diverse party if such joinder is fraudulent. *Illinois C.R. Co. v.*

---

1. The court notes that Montana recognizes the existence of the tort of "bad faith" in the insurance contract. *See, Bostwick v. Foremost Ins. Co.,* 539 F.Supp. 517 (D.Mont.1982).

*Shoegog,* 215 U.S. 308, 30 S.Ct. 101, 54 L.Ed. 208 (1909). Likewise, the defendants are correct in stating that if under state law there is clearly no basis for the asserted liability of the resident defendant, joinder of that resident defendant is fraudulent as a matter of law. *Covington v. Indemnity Insurance Co.,* 251 F.2d 930 (5th Cir.1958), *cert. denied,* 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365. In determining whether the plaintiff's joinder of the resident defendant Pontrelli was fraudulent, the inquiry of the court must focus on whether there existed a basis, under Montana law, for the liability asserted against that defendant.

■ With respect to the plaintiff's contract claim, there exists no basis, under Montana law, for asserting liability against defendant Pontrelli. *Budget Insurance and Finance v. Leighty,* Mont., 607 P.2d 1125 (1980). In *Leighty,* the court affirmed the general common law rule that an agent is not personally liable on a contract entered into by him on behalf of a principal, if the identity of the principal is disclosed by the agent. There being no allegation of non-disclosure of the identity of the principal with respect to the insurance policies herein, the rule of *Leighty* is controlling. Accordingly, the joinder of the resident defendant Pontrelli, with respect to the contract claim of the plaintiff, is appropriately deemed fraudulent as a matter of law.

The issue of fraudulent joinder with respect to the plaintiff's tort claim is not as readily disposed of as that issue in relation to plaintiff's contract claim. The plaintiff's original complaint alleges that certain acts of the defendants, with respect to their handling of the plaintiff's claim for payment under the policies in issue, were so outrageous that such acts constituted the commission of the tort of bad faith by the defendants. The defendants contend that the plaintiff's complaint fails to state a cause of action in tort against the defendants Pontrelli and Clapsaddle. The defendants' contention is again bottomed on the assertion that, under Montana law, the defendants Pontrelli and Clapsaddle are immune from personal liability for the alleged tortious acts complained of because those acts were performed in the course of those individuals' agency relationship with defendant MONY. The deficiency of the plaintiff's complaint in that regard, defendants submit, renders the resident defendant Pontrelli's joinder, as to the tort claim, fraudulent. The court disagrees with defendants' basic premise that the plaintiff failed to state a claim in tort, cognizable under Montana law, against defendant Pontrelli.

The plaintiff's original complaint alleged, via Counts Two and Three, that the defendants acted tortiously with respect to the denial of plaintiff's claim. The plaintiff alleged, among other things, that the defendants misrepresented pertinent facts or policy provisions relating to the coverages at issue. Plaintiff's allegations, with respect to these alleged misrepresentations, were specifically asserted against the defendants collectively. Accepting these allegations as true, which the court is bound to do in determining the propriety of remand, *Cox v. Louisiana,* 348 F.2d 750 (5th Cir. 1965), the court can find that the resident defendant Pontrelli was fraudulently joined only if it is able to conclude that defendant Pontrelli, as an agent, could not be held personally liable for such tortious conduct. Review of the pertinent Montana law convinces the court that such a conclusion would be erroneous.

■ It is an elemental principle of law that an agent is liable to third persons for his own tortious conduct. *See,* 3 Am.Jur.2d *Agency* § 300 (1962) and cases cited therein. An agent cannot escape or exempt himself from that liability merely because he acted in the course of his agency, or because he may have acted at the direction or command of his principal. *Id.* Accordingly, it is no excuse to an agent that his principal is also liable for the tort in issue and it is irrelevant that an agent might have a right of exoneration or indemnity against his principal. *Id.* Although a principal and agent are not joint tortfeasors with respect to a particular tort, they· are jointly and severally liable. *See, e.g., Finney v. Farm-*

ers Ins. Co., 92 Wash.2d 748, 600 P.2d 1272 (1979); *Dillon v. AFBIC Development Corp.,* 597 F.2d 556 (5th Cir.1979); *Alabama Great Southern R. Co. v. Allied Chemical Corp.,* 501 F.2d 94 (5th Cir.1974). The State of Montana has codified the common law rule that an agent is personally liable for torts committed in the course of his agency in its enactment of § 28–10–702 Montana Code Annotated (1979), which provides in pertinent part:

> One who assumes to act as an agent is responsible to third persons as a principal for his acts in the courts of his agency in any of the following cases and in no other:
>
> * * * * * *
>
> (3) when his acts are wrongful in their nature.

The foregoing discussion evinces that the defendants' contention that there is clearly no basis, under Montana law, for the asserted tort liability of the resident defendant Pontrelli must be rejected. Applying the test for fraudulent joinder, *i.e.,* whether there is an arguably reasonable basis for predicting that state law might impose liability on the facts involved, *Eller v. M.L.D. Trust,* 241 F.Supp. 800 (D.Mont. 1965), to the plaintiff's original complaint, the court concludes that the joinder of the resident defendant Pontrelli, with respect to plaintiff's tort claim, was not fraudulent as a matter of law. It may well be that the plaintiff's motive in joining defendant Pontrelli was to avoid federal jurisdiction; the plaintiff's motive, however, is immaterial. *Mecom v. Fitzimmons Drilling Co.,* 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931).

## WAS REMOVAL JUSTIFIED UNDER 28 U.S.C. § 1441(c)?

A correlative question necessarily arising in the court's disposition of the present motion to remand is whether the present action was properly removed under the authority of 28 U.S.C. § 1441(c).

28 U.S.C. § 1441(c) relating to removal of actions provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

The test for determining the existence of a separate and independent claim or cause of action under § 1441(c) is whether the complaint in question discloses a single wrong or multiple wrongs to the plaintiff. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). "Where there is only a single actionable wrong, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540. Claims are separate and independent if the rights which the plaintiff seeks to enforce are distinct. *Marquette Nat. Bank v. First Nat. Bank,* 422 F.Supp. 1346 (D.Minn.1976). However, a claim which is merely incidental or collateral to the main action can afford no basis for removal on the theory that it is a separate claim. *White v. Hughes,* 409 F.Supp. 1005 (D.Tenn.1975).

Applying the *Finn* test to the complaint *sub judice,* it is clear that the complaint alleges a single wrong arising from an interlocking series of transactions. *See, Winston v. Moore,* 288 F.Supp. 470 (N.D. Okl.1968); *Ramapo Rockland Corp. v. Merchants & Bus. Men's Mut. Ins. Co.,* 156 F.Supp. 311 (S.D.N.Y.1957). Accordingly, the court finds § 1441(c) inapplicable.

## CONCLUSION

The foregoing analysis evinces that the present cause was removed improvidently and without jurisdiction. On that basis, the court concludes that remand of the cause under the authority of 28 U.S.C. § 1447(c) is appropriate.

The court finds it inappropriate to award costs in this matter.

For the reasons set forth herein, IT IS HEREBY ORDERED that this cause be remanded to the District Court of the Eleventh Judicial District of the State of Montana, County of Flathead.