**STATE OF TEXAS, Plaintiff,**

v.

**ALLIANCE EMPLOYEE LEASING CORPORATION, et al., Defendants.**

**Civ. A. No. CA3–92–0240–P.**

United States District Court,
N.D. Texas,
Dallas Division.

June 29, 1992.

Fred I. Lewis, Texas Atty. Gen.'s Office, Finance Div., Austin, Tex., for plaintiff State of Tex.

Theodore William Daniel, William Morrison Parrish, T. Ray Guy, Jenkens & Gilchrist, Dallas, Tex., for defendants Alliance Employee Leasing Corp. and Alliance Employee Leasing Corp. II.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

Now before the Court is Plaintiff's Motion to Remand filed January 23, 1992, Defendants' Response to Motion to Remand filed February 10, 1992, and Plaintiff's Supplemental Motion to Remand and Reply filed February 24, 1992.

### FACTS

On December 3, 1991, Plaintiff State of Texas ("Plaintiff") filed a quo warranto proceeding against Defendants Alliance Employee Leasing Corporation, f/k/a Alliance Employee Leasing Corporation I, f/k/a Marindai Corporation; Alliance Employee Leasing Corporation II; Alliance Employee Leasing of South Carolina, Inc., f/k/a Alliance Employee Leasing Corporation III, f/k/a Marindai Resource Corporation; Alliance Employee Leasing of Florida, Inc., f/k/a Alliance Employee Leasing Corporation IV; Alliance Employee Leasing Corporation V; Alliance Employee Leasing Corporation VI; Alliance Employee Leasing of Texas, Inc.; Alliance Employee Leasing of Texas, Inc. Employee Injury Benefit plan; Alliance Employee Leasing Group; Alliance Group Health Plan; Alliance Employee Leasing Corporation Voluntary Employees' Beneficiary Association Trust; Sentinel Administrators; Tynes Hildebrand, Jr., individually and in his corporate capacity; and Joseph M. Kilcoyne, Jr., individually and in his corporate capacity (collectively referred to as "Alliance"). Plaintiff filed the proceeding in state court in Travis County, seeking to enjoin Alliance from engaging in what Plaintiff asserts is the unauthorized business of insurance in Texas. Plaintiff contends Alliance's insurance business is unauthorized because Alliance has not obtained a certificate of authority, other proper authorization, or a valid exemption. Further, Plaintiff seeks to enjoin Alliance "from misrepresenting that they are offering or marketing Employee Retirement Income Security Act ("ERISA") plan benefits, health or otherwise, and misrepresenting that they are exempt from state regulation . . ."

On December 27, 1991, Alliance removed this cause of action to the United States District Court for the Western District of Texas—Austin Division. On February 2, 1992, Alliance's motion to change venue was granted by the Honorable Sam Sparks and this matter was transferred to the Northern District of Texas—Dallas Division. Plaintiff argues that this cause of action should be remanded to the Travis County State District Court on the grounds this lawsuit could not have been brought originally in federal court since no federal question jurisdiction exists. More specifically, Plaintiff argues that since the benefit plans in this case are not ERISA-covered employee benefit plans, there is no subject matter jurisdiction under federal law.

Alliance argues that Plaintiff's complaint raises federal question jurisdiction because in order to recover on its cause of action, Plaintiff must plead and prove, and the Court must find, (1) that Alliance represented they are offering ERISA plans, (2) that Alliance is not offering a plan pursuant to ERISA, (3) that Alliance represented that they are exempt from state regulation, (4) that Alliance is not exempt from state regulation under ERISA. Alliance argues that federal question jurisdiction exists because such questions clearly relate to an ERISA plan.

### DISCUSSION

After careful review of the pleadings on file, arguments of counsel, and the applicable law, the Court finds that Plaintiff's Motion to Remand shall be GRANTED for the reasons set forth below.

**544**

■ The issue of whether an action should be remanded to the state court must be resolved by reference to Plaintiff's pleading at the time of removal. *Greening v. Mutual Life Insurance of New York*, 558 F.Supp. 988, 990 (D.Mon.1983). The inquiry need not go further if the district court can make this determination by reference to the plaintiff's complaint alone. If necessary, however, a district court will resolve all material issues of fact raised by a Motion to Remand in assessing the propriety of removal in a given action. *Langley v. Teller*, 1986 WL 14393 (E.D.Pa.1986), citing 14A C. Wright & A. Miller, Federal Practice and Procedure § 3739, at 580–582 (1985). Finally, when subject-matter jurisdiction is factually challenged, the burden is on the removing party to show that jurisdiction exists. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988).

The original complaint filed by Plaintiff asserts causes of action for unauthorized insurance dealings and violations of the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"). Plaintiff alleges that Alliance has misrepresented that the employee benefits programs, or "plans" they offer to their employees, are plans under ERISA. Plaintiff argues in its Motion to Remand that there is no subject matter jurisdiction under federal law since the benefit plans in this case are not ERISA-covered "employee welfare benefit plans".

Alliance argues that Plaintiff has undertaken a cause of action which is federal in nature because the Court's inquiry into whether Plaintiff should prevail in its cause of action for misrepresentation must be directed to the existence of an ERISA plan. Therefore, Alliance argues, the cause of action "relate[s] to" an ERISA plan under 29 U.S.C. § 1144(a) of ERISA. According to Alliance, this Court need not, and should not, reach the specific merits of Plaintiff's claim in determining whether this Court has jurisdiction over Plaintiff's lawsuit. It is Alliance's contention that when deciding on the propriety of removal, this Court must consider the pleadings rather than Plaintiff's substantive arguments.

■ As noted above, this Court is not confined to the pleadings in determining whether a case should be remanded to state court. In cases where federal question jurisdiction is at issue, a court must consider the evidence before it on Motion to Remand and make factual inquiries as to whether federal jurisdiction is proper in a given action. The central issue before this Court, therefore, is whether the employee benefit plans offered by Defendants constitutes an "employee welfare benefit plan" within the meaning of ERISA. If the plans here fall within the purview of ERISA, then the Plaintiff has asserted a federal cause of action and this Court had federal jurisdiction over this suit. If the employee benefit plans are not ERISA plans, then this Court has no jurisdiction of the case and it should not have been removed from the Texas state court where it was filed and the case must be remanded. *Hansen v. Continental Insurance Co.*, 940 F.2d 971, 973 (5th Cir.1991).

Congress has stated that the provisions of ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Stone & Webster Engineering Corp. v. Ilsley*, 690 F.2d 323, 328 (2nd Cir.1982). A state law "relate[s] to" an employee benefit plan and is subject to preemption whenever it "purports to regulate, directly or indirectly, the terms and conditions of employee benefit plans." 29 U.S.C. § 1144(c)(2); *Stone & Webster*, 690 F.2d at 329.

■ An ERISA-covered "employee welfare benefit plan" is defined as:

> ... any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... benefits....

29 U.S.C. § 1002(1) (West 1985). A prerequisite of an ERISA-covered employee welfare benefit plan, therefore, is that the plan must be established or maintained by an employer, and the employer must have a certain intent—a purpose to provide benefits to its employees. *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 977 (5th Cir.1991).

ERISA defines an Employer as:

any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

29 U.S.C. § 1002(5).

▆▆▆ Before a court can decide the issue of whether a plan is an ERISA plan, however, it must first satisfy itself that there is in fact a "plan" at all. *Hansen*, 940 F.2d at 977. To determine whether a plan, fund or program is a reality, a court must look at the circumstances and determine whether a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits. *Hansen*, 940 F.2d at 977. Since neither party in the instant case has disputed that an actual "plan" exists in this case, we assume, without deciding, that the plan involved "is a reality." *Hansen*, at 977. Just because a "plan" exists, however, does not necessarily mean that the plan is an ERISA plan. *MDPhysicians & Associates v. State Bd. of Ins.*, 957 F.2d 178 (5th Cir.1992).

▆▆▆ To determine whether Alliance is an "employer" within the meaning of ERISA, Alliance must prove that it acted in one of two ways: either Alliance acted directly as an employer in relation to an employee benefit plan or Alliance acted indirectly in the interests of an employer in relation to an employee benefit plan. *MDPhysicians* at 182–183, citing 29 U.S.C. § 1002(5). Alliance has failed to offer any evidence to show that it acted in either of these two ways. Plaintiff, on the other hand, has proffered evidence showing that Alliance did not act directly as an employer or indirectly in the interests of an employer.

The evidence offered by the Plaintiff indicates that Alliance is comprised of for-profit Texas corporations who established, maintain, and control the Alliance Group Health Plan, the Alliance Employee Leasing of Texas, Inc. Employee Injury Benefit Plan, and the Alliance Employee Leasing Corporation Voluntary Employees' Beneficiary Association Trust (hereafter referred to as the "Alliance plans"). The evidence shows that Alliance market their benefit plans to relatively small employers in Texas through the use of staff leasing agreements with employers. Under these agreements, the employer purports to "fire" its employees, who are instantly "hired" by Alliance. The employees are then instantly "leased" back to the original employer, who is now called the "client company." The "client companies" continue to provide all the workers' facilities and tools, to supervise the workers with the same personnel, and to exercise actual control over the workers' job performance. When "client companies" terminate their Alliance health benefits, the workers continue working at the "client companies'" premises.

The evidence offered by Plaintiff further shows that shortly before the workers' paychecks are due, the client company sends funds to Alliance to pay the wages, health and other benefits provided by Alliance. Alliance then sends the workers their paychecks, files the various government and tax forms, and provides the health and other benefits. In sum, Plaintiff has offered evidence showing that Alliance does not exercise control and supervision over the workers as an employer would. Instead, the "client companies" direct how the work will be performed, provide the facilities and equipment, train the workers, decide their benefits, and hire and fire the employees.

After analyzing the evidence before it, this Court finds that Alliance did not act directly as an employer in relation to the benefit plans because no employment or economic relationship existed between Alliance who established the Alliance Plans and the employees of the "client companies". *MDPhysicians* at 183. Second, the

Court finds that Alliance did not act indirectly in the interests of the "client companies"; rather, it acted for itself in relation to the Plans. *MDPhysicians* at 182. Alliance is merely an entrepreneurial venture formed to market the benefit plans to unrelated employers and it's "primary interest" is to profit from such activity. *Id.* This elaborate system is maintained for the purpose of marketing insurance products and is merely a sham by Alliance to attempt to escape insurance regulation by the state.[1]

This Court's finding that Alliance did not act indirectly for the client companies in relation to the employee benefit plans is consistent with Congressional language reported shortly after the passage of ERISA. The Activity Report of the Committee on Education and Labor revealed that

> certain entrepreneurs have undertaken to market insurance products to employers and employees at large, claiming these products to be ERISA covered plans. For instance, persons whose primary interest is in profiting from the provision of administrative services are establishing insurance companies and related enterprises. The entrepreneur will then argue that [its] enterprise is an ERISA benefit plan which is protected, under ERISA's preemption provision, from state regulation ... [W]e are of the opinion that these programs are not 'employee benefit plans' ... [T]hese plans are established and maintained by entrepreneurs for the purpose of marketing insurance products or services to others. They are not established or maintained by the appropriate parties to confer ERISA jurisdiction ... They are no more ERISA plans than is any other insurance policy sold to an employee benefit plan....

*MDPhysicians* at 184, citing H.R.Rep. No. 1785, 94th Cong., 2d Sess. 48 (1977).

This Court's finding that Alliance did not act directly as an employer in relation to an employee benefit plan is supported by case law holding that it is the existence of a noncommercial, employment-based relationship between the plan sponsor and the participant that distinguishes an ERISA-covered employee welfare benefit plan from simple health insurance subject to state regulation. *Bell v. Employee Security Benefit Ass'n,* 437 F.Supp. 382, 390–92 (D.Kan. 1977). It was Congress' intent to continue to subject to state regulation commercial plans, not based on a bona fide employment relationship between the plan sponsor and the participants, to preserve the proper balance between federal and state concerns in this area. See *Wayne Chemical, Inc. v. Columbus Ag. Serv. Corp.,* 567 F.2d 692, 699–700 (7th Cir.1977). "Congress would have no reason to exempt from state regulation insurance programs that are established and maintained by entrepreneurs for their own profits." *Wayne Chemical, Inc.,* 567 F.2d at 699.

In conclusion, the burden of proof is on Alliance to show that federal jurisdiction exists. Alliance has failed to show that the benefit plans at issue are "employee welfare benefit plans" under ERISA. Furthermore, Alliance has failed to offer any evidence to controvert Plaintiff's assertions that Alliance is not an employer within the meaning of ERISA but is merely an entrepreneurial venture set up to circumvent state insurance regulation. Evaluated under these facts, this Court finds that the plans at issue here are not plans within the meaning of ERISA. Accordingly, the Court hereby GRANTS Defendant's Motion to Remand and ORDERS this action be remanded to the Travis County State District Court of Texas.

---

**1.** We do not decide whether any of the "client companies" directly established or maintained "single employer" employee benefit plans covered by ERISA—that is, "whether each ['client company'] who subscribed to the [Alliance Plans] thereby established its own individual ERISA plan." *MDPhysicians,* at 182 n. 4, citing

*Credit Managers Ass'n v. Kennesaw Life and Accident Ins. Co.,* 809 F.2d 617, 625 (9th Cir. 1987). We merely decide the issue presented of whether the benefit plan arrangement set up by Alliance, constitutes an employee welfare benefit plan governed by ERISA.